## Case No. 12,476.

### SCHOLLENBERGER v. PHOENIX INS. CO.

[5 Wkly. Notes Cas. 366; 7 Ins. Law J. 697; 6 Reporter, 43.]

Circuit Court, E. D. Pennsylvania.    May 2, 1878.

FIRE INSURANCE—POLICY—COVENANT NOT TO SUE TILL AWARD MADE NOT A CONDITION PRECEDENT—ARBITRATION CLAUSE AS TO AMOUNT ONLY NOT AN OUSTER OF COURT'S JURISDICTION, AND GOOD.

1. A clause in a policy, that the amount of the loss shall. on request. be ascertained by arbitrators, but all other defenses shall be reserved, coupled with an agreement that no suit shall be brought until after award made, is not a bar to a suit on the policy for the loss, even though an arbitration is pending.

[Cited in Crossley v. Connecticut Fire Ins. Co., 27 Fed. 32; Kahnweiler v. Phoenix Ins. Co., 57 Fed. 564.]

2. There is a distinction between a covenant to pay such a sum as an arbitrator shall award, and a covenant to refer the amount of liability to arbitration. Though a reference as to amount is still pending, a cause of action in the latter case may be enforced in a court of law.

Motions for judgment non obstante veredicto, on point reserved, and for new trial.

Debt on a policy of fire insurance. The contract was made between the plaintiff and the company, acting by their local agents in Philadelphia. covering property in Philadelphia. After the service of the writ upon the local agents. a general appearance of the company's counsel was entered. and subsequently leave was asked by the defendants to withdraw their

-counsel's appearance. A rule was also taken to quash the service of the writ, on the ground that original process could not issue, under the judiciary act of March 3, 1875 (18 Stat. 1874–75, p. 470), against a foreign corporation, under the proviso in the act providing that no -cause shall be brought before the said court unless the defendant be an inhabitant of or found within the district at the time of the service of the writ. Service of process in a number of similar cases, where no general appearance had been entered, was quashed on the above ground, but in this case the court held that, as the defendants had entered a general appearance, they had thereby submitted themselves to the jurisdiction of the court, and ordered a special venire for the trial of the case.

A plea in abatement was thereupon filed, to the effect that the plaintiff could not recover in this action inasmuch as the policy contained -conditions precedent not yet performed. The material language of the policy was as follows: "In consideration of —— dollars to them paid by the insured, hereinafter named, the Phœnix Insurance Company of Brooklyn do insure [the plaintiffs] against loss or damage by fire to the amount of $2,500 [on certain specified property], and the said Phœnix Insurance Company hereby agrees to make good unto the said insured * * * all such loss -or damage * * * as shall happen by fire to the property so specified, * * * the amount -of loss or damage to be estimated according to the actual cash value of the property at the time of the loss, and to be paid sixty days after the proofs of the same, required by the -company, shall be made by the insured, and received at the office in New York, and the loss -shall have been ascertained and proved in ac--cordance with the terms and provisions of this policy. * * * (9) In case differences shall arise touching any loss or damage, after proof thereof has been received in due form, the matter shall, at the written request of either party, be submitted to impartial arbitrators, whose award in writing shall be binding on the parties as to the amount of such loss or -damage, but shall not decide the liabilities of the company under this policy; and, further, that it shall be optional with the company to repair, etc. * * * (12) It is further hereby -expressly provided and mutually agreed, that no suit or action against this company for the recovery of any claims by virtue of this poli--cy shall be sustainable in any court of law or chancery until after an award shall have been -obtained fixing the amount of such claim in the manner above provided, nor unless such -suit or action shall be commenced in twelve months next after the loss shall occur, and should any suit or action be commenced against this company after the expiration of the afore-said twelve months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim, any statute of limitation to the contrary notwithstanding."

This plea in abatement was formally insufficient, not having been sworn to, and the plaintiff's counsel signed judgment against the defendants on the said plea. The cause was ordered for trial, the defendants pleading issuably; and the plaintiff having made out a prima facie case, the defendants asked for a nonsuit on the ground of variance, the declaration having omitted to state the conditions of the policy hereinbefore cited, arguing that it was a condition precedent to recovery that a reference should be had, and an award made, fixing the amount of the claim. The nonsuit was refused.

The defendants then offered evidence to show that an agreement of reference, but not upon the written request of either party, had been entered into between the parties prior to the beginning of this suit, in which it was agreed that all matters in dispute connected with the amount of the loss should be referred to the arbitration of two arbitrators, therein named, with power to them to choose a third in case of difference, and that the award of said arbitrators, or a majority of them, should be final, binding, and conclusive upon both parties, as to the value of the property destroyed, but should not decide the liability of the company on the risk. They also showed that an arbitration had been begun, and much testimony taken under the above agreement, and that it was still pending at the time that this action was brought, at which time no award had been made, and the case had not been concluded before the arbitrators. The defendants offered no further evidence.

Whereupon CADWALADER, District Judge, who tried the case, reserving the point whether or not the plaintiff could recover without showing an award, or that said award had been prevented by the defendant's default, left the case to the jury.

A verdict was rendered for the plaintiff for the full amount claimed, whereupon the defendants entered this motion for a new trial, and to enter judgment in defendants' favor upon the point reserved.

James H. Heverin and R. P. White, for the motions.

The condition of the policy requiring an award was a condition precedent, upon compliance with which only the defendants became liable. As admittedly no award had been made, the judgment must be entered for the defendants. Scott v. Avery, 5 H. L. Cas. 811; Milner v. Field, 5 Exch. 829; Leebrick v. Lyter, 3 Watts & S. 365; Herdic v. Bilger, 11 Wright [60 Pa. St.] 60; Quigley v. De Haas, 1 Norris [82 Pa. St.] 274; Liverpool, L. & G. Ins. Co. v. Creighton, 51 Ga. 95. The contract here is not to pay the value of the property, with a collateral covenant to submit, but to pay what shall be determined by a specific tribunal to be due the plaintiffs. It is similar to the case of U. S. v. Robertson, 9 Pet. [34 U. S.] 326. The exact point has been decided in Yeomans v. Girard F. & M. Ins. Co. [Case

No. 18,136], by Nixon, J., of the United States circuit court of New Jersey. The fact that judgment on the plea in abatement was entered against the defendant, for an informality in the plea, is not decisive of the case, inasmuch as the point can be raised on motion for a nonsuit on the ground of variance between the contract alleged and that proved. The reference to the arbitrators was irrevocable. Monongahela Co. v. Fenelon, 4 Watts & S. 205; McGheehen v. Duffield, 5 Barr [5 Pa. St.] 499; Paist v. Caldwell, 25 P. F. Smith [75 Pa. St.] 161; Abbot v. Shepherd, 4 Phila. 90; Flaherty v. Germania Ins. Co., 1 Wkly. Notes Cas. 352.

A. S. Biddle and R. C. McMurtrie, contra.

The condition in this case, to refer to arbitrators, is not a condition precedent, but a collateral covenant, for breach of which the plaintiff may, possibly, be sued by the defendant in a cross action, but which cannot prevent an action by him in a court of law. The rule is that an agreement to oust the jurisdiction of the court is void, as against public policy. No person is allowed to bind himself by a stipulation which may injure not only himself but the public. See the remarks of Lord Chancellor Cranworth in Scott v. Avery, supra. See, also, as to the absurdity of refusing to entertain jurisdiction because of a pending arbitration, which may end in nothing, Scott v. Corporation of Liverpool, 3 De Gex & J. 368. It is perfectly true that, where the liability only arises in respect to a sum stated by a third person, no recourse can be had to the court before his finding of the amount, unless such finding be excused. But that is not the case here. The agreement is to insure against loss by fire in a certain amount, in consideration of which both parties agree, upon the written request of the other, to submit the amount to arbitration in case of difference. The requirement that the submission is to be made in case of difference, and upon a written request, shows conclusively that the reference and award are not conditions precedent in every case. Here there has been no written request. The case of Yeomans v. Girard F. & M. Ins. Co., supra, is opposed to all the authority. The point in this case has been decided by the case of Horton v. Sayer, 4 Hurl. & N. 643, and Mentz v. Armenia Fire Ins. Co., 29 P. F. Smith [79 Pa. St.] 478. There it was held by the supreme court of Pennsylvania that such a condition was void, and the judgment of the lower court granting a nonsuit was reversed. That case was decided before this contract was entered into, and hence formed one of the terms of the contract which was made in Pennsylvania.

CADWALADER, District Judge. Perhaps the only remedy which the defendants could have would be to ask, in a court of equity, that execution should be restrained until a reasonable time had elapsed in order to enable the arbitrators to make an award.

Mr. White in reply.

The contract is not to be governed by the Pennsylvania decision, which is opposed to the authorities. This court will not be bound by state decisions on questions of general law. Southern & A. Tel. Co. v. N. O., M. & T. R. Co. [Case No. 13,185]; Sanford v. Portsmouth [Id. 12,315]. This case differs from Mentz v. Armenia Fire Ins. Co., supra, inasmuch as here the parties entered into the arbitration, expressly excluding, by the terms of the agreement, all questions except that of amount. The written agreement of reference is equivalent to a waiver of requirement for the written request.

CADWALADER, District Judge, having asked the plaintiff's counsel whether they would object to an allowance of a moderate amount of time, to enable the arbitrators, if possible, to make an award, with the understanding that the verdict should be reduced to their award, if below the verdict; otherwise, to stand as found by the jury,—counsel answered that such an agreement would be perfectly satisfactory.

Before McKENNAN, Circuit Judge, and CADWALADER, District Judge.

CADWALADER, District Judge. We have no hesitation in saying that the conditions, to refer and that no suit shall be brought until award made, do not suspend the plaintiff's right of action. This has been decided in the case of Mentz v. Armenia Fire Ins. Co., supra. The plaintiff, on the evidence, is therefore entitled to judgment, the covenant being a collateral one, and not a condition precedent. We think, however, that this court may regard the matter from an equitable light, and that it would be proper, as both parties have submitted to the arbitration, that if an award can be made within a reasonable time they should be bound by it. As the plaintiff's counsel have stated that they have no objection to this course, we suspend the entry of judgment in the plaintiff's favor for 60 days, within which time, if an award is made, its amount is to take the place of the verdict; otherwise, the jury's assessment is to stand. The motions for a new trial, and to enter judgment in the defendant's favor on the point reserved, are refused