Gere v. The Council Bluffs Ins. Co.

<br>

GERE v. THE COUNCIL BLUFFS INS. CO.

1. **Insurance:** PROVISION IN POLICY FOR ARBITRATION: CONDITION PRECEDENT TO ACTION: EVIDENCE. The policies sued on contained a condition in these words: "In case differences shall arise as to the amount of loss or damage, the subject shall, at the request of either party, be referred to * * * arbitrators * * * and their award in writing shall be binding as to the amount of such loss or damage." *Held* that a submission to arbitrators under this agreement was not a condition precedent to the maintenance of an action upon the policies, and that a demurrer to the petition, based upon a neglect and refusal of plaintiff to so submit to arbitrators, was properly overruled. Whether, on the trial of the cause, the amount of the loss or damage could have been proved, against defendant's objection, by any other evidence than the award of arbitrators, is a question suggested but not decided, because it does not arise upon the record.

2. **Evidence:** VALUE OF THOROUGHBRED STALLION: COMPETENCY OF WITNESS. A farmer engaged in raising horses for the market cannot be deemed wholly incompetent to testify to the value of a thoroughbred stallion with which he is acquainted.

3. ———: ———: PRICE AT PRIOR SALE. The price at which a thoroughbred stallion was sold in another state was properly excluded as evidence of his value eighteen months after such sale, especially where it appears that he was not in the same condition at the times referred to.

4. **Insurance:** FALSE REPRESENTATIONS AS TO VALUE: EVIDENCE. The owner of a horse had him insured upon the statement that he cost him $1,200. *Held* that evidence of a prior sale of the horse for $500 to the person of whom the insured bought him did not tend to prove that the statement made by the assured was false, and was properly excluded.

5. ———: VALUE OF PROPERTY DESTROYED: INSTRUCTION. When the insured property which was destroyed was not shown to have a distinctly recognized market value, the court properly instructed the jury to allow the *fair* value of the property.

6. ———: ACTION BY ASSIGNEE OF POLICY: EVIDENCE OF AMOUNT PAID FOR POLICY. Where defendant admitted the assignment by the assured to the plaintiff of his claim under the policy, it was immaterial whether plaintiff paid anything for the claim or not, as no recovery could afterwards be had by the assignor.

7. Practice in Supreme Court: JUDGMENT TOO GREAT: REMITTITUR: COSTS. Where a judgment appealed from is erroneous only in being for too large a sum, but the appellee admits the excess and offers to remit it, the judgment will be modified and affirmed, but the appellee must pay the costs of the appeal.

*Appeal from Cherokee Circuit Court.*

FRIDAY, OCTOBER 23.

ACTION upon two policies of fire insurance. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*E. C. Herrick* and *Sapp & Pusey*, for appellant.

*A. F. Meservey* and *J. D. F. Smith*, for appellee.

ADAMS, J.—I. The policies contained a condition in these words: " In case differences shall arise as to the amount of 1. INSURANCE: loss or damage, the subject shall, at the request provision in policy for of either party, be referred to two competent and arbitration: condition disinterested arbitrators, each party to select one, precedent to action. (and in case of disagreement they to select a third,) who shall ascertain the damages on each article; and their award, in writing, shall be binding as to the amount of such loss or damage." The loss in question occurred on the sixteenth day of August, 1883. Proofs of loss were made on the fourth day of the next month, and the amount due upon the policies became payable at that time. The company, however, did not pay, and the plaintiff, Mrs. N. M. Gere, commenced this her action on the tenth day of January, 1884. On the nineteenth day of April, 1884, the defendant served a written request upon the plaintiff for an arbitration of the

amount of the loss. To this request we infer that the plaintiff paid no attention. On the twenty-first day of April, 1884, the defendant filed an answer setting out the provision of the policy in respect to an arbitration, and pleading the service of the written request. To so much of the answer as pleaded the request for arbitration the plaintiff demurred, and the demurrer was sustained. The defendant assigns as error the ruling upon the demurrer.

The agreement to arbitrate the amount of the loss, and the failure to choose an arbitrator after service of the written request, would not, in our opinion, constitute a defense, unless the arbitration should be deemed a condition precedent to the right to sue. The defendant, indeed, as we understand, does not contend that it would. Its contention is that an arbitration is a condition precedent to a right to sue. But it is to be observed that it is not expressly so provided, nor, indeed, is an arbitration to be had at all, except one of the parties requests it. The agreement, then, to arbitrate the amount of loss on the written request of either party was, we think, nothing more than a mode of providing what should be deemed conclusive evidence of one of the facts. Whether the written request was served too late or not we need not determine. If it was not too late, the plaintiff, at the time the answer was filed, might still be allowed to choose an arbitrator, and procure her evidence in the mode agreed. If the defendant, upon the trial, had objected to the testimony which was offered as to the amount of the loss, on the ground that the parties had agreed upon another mode of establishing such fact, possibly the defendant's objection should have been sustained. But we see no such objection. It had proceeded upon the theory that the failure to ascertain the amount of loss in the mode agreed was a defense, and so pleaded it, and relied simply upon saving an exception to the ruling of the court in holding that it was not a defense. What should have been the ruling of the court if objection had been made to the testimony offered in regard to the

amount of the loss we do not determine. In our opinion the ruling of the court upon the demurrer was correct.

II. One of the policies was upon a stallion alleged to be a thoroughbred Clydesdale, and of the value of $1,000. To prove his value the plaintiff introduced as wit-

2. EVIDENCE: value of thoroughbred stallion: competency of witnesses.

nesses one Condon and one Hunter. The defendant objected to their being examined, the objection being based upon the ground that it did not appear that they were competent to testify. The objection was overruled, and the defendant assigns the ruling as error. The witnesses showed that they were engaged in farming generally and stock-raising, but were not able to speak with much confidence as to the breed of the horse in question. But they showed that they were acquainted with the horse, and claimed to know his value. We are by no means certain that a farmer engaged in raising horses for the market, and directly interested in stallions, may not exercise about as accurate a judgment as any one in regard to the value of a stallion with which he is acquainted; but, whether this be so or not, it appears reasonably clear to us that he cannot be deemed wholly incompetent. We think, therefore, that in allowing the witnesses to testify the court did not err.

III. The defendant, for the purpose of showing the value of the horse to be considerably less than the witnesses for the

3. ——: ——: price at prior sale.

plaintiff had estimated, offered to show what the horse was sold for in Nebraska about eighteen months before; but the court ruled such evidence to be inadmissible, and the defendant assigns the ruling as error. Possibly, under some circumstances, the price for which a thing has been sold might be proven as a fact tending to show the value. But it is manifest that such evidence, at best, would not be very reliable. In the case before us the alleged sale was made eighteen months before, and in a different state, and it is shown also that the horse at that time was not in as good a condition. We think that the evidence offered would

have been more liable to mislead than to afford any reliable ground upon which to base a verdict.

IV. The defendant, however, insists that the evidence was admissible for the purpose of showing a false representation

*4. INSURANCE: false representations as to value: evidence.* at the time the horse was insured. The policy was not issued to the plaintiff, but to one F. A. Gere, who assigned it to the plaintiff. It was shown that he stated, at the time the policy was issued, that the horse cost him $1,200. The defendant claimed the right to show the terms of the Nebraska sale, for the purpose of showing that the insured paid only $500. To this it is sufficient to reply that the Nebraska sale was not made to the insured. That sale was made to the plaintiff, the wife of the insured, and the insured afterwards purchased the horse of her.

V. The court instructed the jury to allow the fair value of the property. The defendant assigns as error the giving

*5. ——; value of property destroyed: instruction.* of this instruction. In our opinion there is no error in the instruction. If there had been evidence that the property had a distinctly recognized market value, it might have been better to have instructed the jury to allow the market value; but there was no such evidence, and the instruction to allow the fair value appears to us to be unobjectionable.

VI. The plaintiff claimed to own the claim accruing upon the policy issued upon the horse by virtue of an assignment

*6. ——: action by assignee of policy: evidence of amount paid for policy.* of the claim to her by the insured. The defendant admitted the assignment, but averred that it was not made in good faith, and was only for the purpose of the action. On the trial the defendant asked Mrs. Gere what she paid for an assignment of the claim, but the court disallowed the question, and the defendant assigns the ruling as error. The defendant having admitted the assignment, we do not think it was material what the plaintiff paid, if anything. If the claim was assigned in fact, though for the purpose of the action, the defendant would be sufficiently

Gere v. The Council Bluffs Ins. Co.

protected. No recovery could be afterwards had by the assignor.

We see no error, and the judgment must be

AFFIRMED.

SUPPLEMENTAL OPINION.

BY THE COURT. The defendant has filed a petition for rehearing in this case, and calls our attention, among other

7. PRACTICE
in supreme
court: judg-
ment too
great: remit-
titur: costs.

things, to the fact that interest was allowed from the date of filing preliminary proofs. In this the court erred, and in the opinion filed we failed to notice the point. We do not, however, find it necessary to grant a rehearing upon the point, because the appellee concedes that the interest was computed from a wrong date, and that by reason of the mistake the judgment is too large by $3.97, and the appellee offers to remit that amount. Under the concession and offer, the judgment rendered should be reduced by the amount of $3.97, and the judgment of affirmance heretofore entered is set aside, and the judgment below is modified and affirmed, and the costs of this appeal are to be taxes to the appellee.

The petition for a rehearing raises some other points, but we think that the opinion filed is correct except as above set forth. The petition, therefore, is overruled.