James Nurney v. The Fireman's Fund Insurance Company.

*Fire insurance—Agreement for arbitration—Waiver—Bar.*

1. An insurance policy provided for an arbitration, on the *written* request of either party, in case of differences concerning the amount of any loss sustained by the assured, the award not to decide the *liability* of the company. It further provided that no suit should be sustainable against the company for the recovery of any claim under the policy until such award was made, which policy was declared to be made and accepted in reference to such terms and conditions. A loss occurred, and, after some five months' fruitless negotiations for its adjustment, the assured brought suit on the policy, no arbitration having been requested by either party.

*Held,* that the provisions must be read together, and that arbitration became necessary only on the *written* request of one of the parties, which request was *optional,* and, not being made, the *right* to arbitration was *waived* by both parties, and the suit was properly brought.

*Held,* further, that the *agreement* to arbitrate was a common-law one, revocable at the pleasure of either party, which revocation would not *invalidate* the policy ; and that the commencement of suit by the assured amounted to such revocation.

2. An agreement to arbitrate will not bar an action based upon the same grievance. *Callanan v. Port Huron & N. W. Ry. Co.,* 61 Mich. 15.

Error to Iosco. (Tuttle, J.) Argued October 8, 1886. Decided November 17, 1886.

Assumpsit. Plaintiff brings error. Reversed. The facts. are stated in the opinion.

*Henry & Cornville* (*Atkinson & Vance,* of counsel), for appellant.

*Hanchett & Stark,* for defendant.

SHERWOOD, J. This action was brought to recover the amount of a loss by fire sustained by the plaintiff, under a policy of insurance issued to him by the defendant, upon a . drug-store, and the stock of drugs therein, situate in the village of Oscoda, in the county of Iosco.

The policy was made on the twenty-fifth day of July, 1884, to continue in force one year thereafter. The fire which destroyed the property occurred on the twenty-seventh day of October, 1884, and the next day an appraisal was made, which showed the loss to be about $3,000, while the insurance upon the stock and store amounted to but $1,200. The plaintiff's books, invoices, and papers were lost by the fire.

The defendant was properly notified of the loss, and the defendant's agent came to Oscoda several times to adjust the loss, but failed, for the reason, as the company claims, that

the plaintiff did not furnish its agent with the proper invoices and other papers from which he could correctly ascertain the loss. Plaintiff claimed, however, his invoices and papers being lost in the fire, he furnished the company with the best proofs of loss he could under the circumstances, and after repeated negotiations the parties failed to come to any adjustment of the case, and the plaintiff brought this suit to recover for the loss, to the amount of his policy, on the twenty-fourth day of April, 1885.

This clause appears in the body of the policy, viz.:

"This policy is made and accepted in reference to the foregoing and following terms and conditions, which are hereby declared to be a part of this contract, and are to be used and resorted to in order to determine the rights and obligations of the parties thereto."

The policy further provides that in case differences shall arise concerning the amount of any loss or damage by fire, after proof thereof has been received in due form by the company, the matter shall, at the written request of either party, be submitted to the judgment of two competent persons, to be mutually appointed by the assured and the company, who, in case of disagreement, shall choose a third, whose award in writing, signed by any two of them, under oath, and submitted in detail, shall be binding on the parties as to the amount of such loss and damage, but shall not decide the liability of the company.

It further provides as follows:

"It is furthermore hereby expressly provided and mutually agreed that no suit or action against this company, for the recovery of any claim by virtue of this policy, shall be sustainable in any court of law or chancery until after an award shall have been obtained fixing the amount of such claim in the manner above provided."

Upon the trial the plaintiff gave evidence tending to show his loss by fire of the insured property, and of the value of the property destroyed; of giving notice and proof of loss

to the defendant, and of the disagreement of the parties as to the amount of the loss. It further appeared, without dispute, that no request was made by either party for an arbitration to determine the amount of the loss.

In submitting the cause to the jury the court instructed them that the plaintiff could not maintain his suit until the amount of his loss had first been determined by arbitration, or he had given notice to the defendant of his desire to have the same so determined, and the defendant had neglected or refused to comply with the request; and thereupon further instructed the jury to return their verdict for the defendant.

To this instruction the plaintiff excepted, and this exception raises the only question in the case for our consideration.

I think the exception is well taken, and the court erred in giving the instruction. It was held by this Court, in *Callanan v. Port Huron & N. W. Ry. Co.*, 61 Mich. 15, that an agreement to arbitrate will not bar an action based upon the same grievance. See, also, *McGunn v. Hanlin*, 29 Mich. 480; *Oakwood Retreat Association v. Rathborne*, 65 Wis. 177; Morse, Arb. 79.

The agreement that no suit shall be brought, in this policy, until arbitration had and award made, must be read in connection with the clause of the policy providing for the submission and arbitration, in giving it the proper construction.

It will be noticed, by a careful perusal of these provisions of the policy, that, in case of a difference between the company and the assured as to the amount of a loss, arbitration and award are only contemplated or provided for when a written request is made by one of the parties therefor.

In this case a difference as to the amount of the loss had existed more than five months after the fire occurred, and neither party claimed the right, and expressed in writing a desire, to have the difference settled by arbitration, and never has expressed such desire, as provided by the policy, up to the

present time. Arbitration becomes imperative only after the written request for one has been made. The request, as it stands in this policy, is optional with either party, and, neither of them having availed themselves of the right to arbitrate, it must be deemed waived by both, and in such case the plaintiff was left to the mode of redress provided by the law. *Gere v. Council Bluffs Ins. Co.*, 67 Iowa, 272; *Scott v. Phœnix Assurance Co.*, 1 Stu. K. B. 152.

In this case the agreement to arbitrate never became operative, and the agreement not to sue, being dependent on the agreement to arbitrate, of course must have become inoperative. *Phœnix Ins. Co. v. Badger*, 53 Wis. 283.

The following authorities I think support, in the main, the positions herein taken: *Gibbs v. Continental Ins. Co.*, 13 Hun, 611; *Mark v. National Fire Ins. Co.*, 24 Id. 565; S. C. 91 N. Y. 663; *Wallace v. German-American Ins. Co.*, 1 McCrary, 335; 2 Wood, Fire Ins. 1015, 1016; *Schollenberger v. Phenix Ins. Co.*, 7 Ins. Law J. 697; *Mentz v. Armenia Fire Ins. Co.*, 79 Penn. St. 478; *Reed v. Washington Ins. Co.*, 138 Mass. 572; *Stephenson v. Piscataqua Ins. Co.*, 54 Me. 55; *Cobb v. New England M. M. Ins. Co.*, 6 Gray, 192; *Trott v. City Ins. Co.*, 1 Cliff. 439; *Lasher v. Northwestern Nat. Ins. Co.*, 18 Hun, 98; *Hurst v. Litchfield*, 39 N. Y. 377; 2 Dig. Fire Ins. Dec. 40, 41.

The arbitration provided for in the policy was a common-law one. It was revocable at the pleasure of either party. Such revocation would not invalidate the policy; neither do I think it was ever intended by the parties that a revocation should carry with it a forfeiture of the contract, or the right of the assured to maintain an action upon it in case of loss. Bringing the action was a revocation of the agreement to arbitrate.

Before a forfeiture can occur there must be no question but the parties intended to provide for it in the contract under which it is attempted to enforce it. I can hardly con-

ceive that under a contract revocable at the pleasure of either party, without condition expressed, a penalty of forfeiture can be enforced against either making the revocation.

The failure of the parties in this case to arbitrate the matter in difference was the fault of the defendant, if it was · desired, and it cannot now be urged as a defense to the plaintiff's action.

The judgment must be reversed, with costs, and new trial granted.

The other Justices concurred.