THE CAPITOL INSURANCE COMPANY v. W. E. WALLACE.

1. INSURANCE—*Stipulation to Arbitrate—Right of Action.* Where a stipulation is contained in an insurance policy, that "in case differences shall arise as to the amount of any loss or damage, . . . the matter shall at the written request of either party be submitted to two impartial appraisers," etc., and it does not appear that any differences of opinion ever arose with regard to the amount of the loss or damage, and neither party ever presented to the other party any written request or any request asking or suggesting that appraisers or arbitrators or referees should be selected or appointed, *held*, that it was not necessary in such a case, under such stipulation, that there should be any appraisement or arbitration or reference before the assured would have the right to commence an action against the insurance company for the recovery of his loss.

2. NOTICE—*Proof of Loss.* The insurance policy also contained a stipulation that "persons sustaining loss or damage by fire shall forthwith give notice in writing of said loss to this company." The formal notice was not given until 12 days had elapsed after the fire had occurred. *Held*, Under the facts of this case, that the assured did not forfeit his rights under the policy because of the delay in giving the notice.

3. FINDING—*Waiver of Objections.* A retention by an insurance company of proofs of loss for 48 days without objection warrants a finding that all objections were waived.

*Error from Linn District Court.*

THE opinion states the material facts.

*D. R. Hite,* for plaintiff in error.
*S. H. Allen,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: It appears that on June 18, 1888, the Capitol Insurance Company issued a fire insurance policy to W. E. Wallace, insuring his building, occupied by him as a place of business, and also insuring his stock of furniture and his tools, implements, etc., therein contained, in the amount in the aggregate of $1,000. On November 2, 1888, a fire occurred without the slightest possible fault on his part which

destroyed all the insured property and very much more. Wallace then gave notice to the agent of the insurance company, and substantially complied with all the terms and conditions of the policy, and demanded payment; but the insurance company refused, and Wallace, on February 19, 1889, commenced this action in the district court of Linn county against the insurance company to recover $1,000 with interest, which the company had agreed in the policy to pay in case of loss by fire. The case was tried before the court and a jury, and the jury found generally in favor of the plaintiff and against the defendant, and assessed the damages at $1,025.28, principal and interest, and for this amount the court below rendered judgment; and the defendant, as plaintiff in error, has brought the case to this court for review. Some of the questions involved in this case are also presented in the cases of *Capitol Insurance Co. v. Bank of Pleasanton* and *Capitol Insurance Co. v. Bank of Blue Mound,* which questions will be discussed and commented on only in the other two cases, which cases will be decided at the same time that this case is decided. Nothing will be said in this case concerning the questions which are common to both this case and either of the other two cases, but only such questions will be considered in this case as are not involved in either of the other two cases.

The first question which we shall consider arises upon a stipulation in the policy which reads as follows:

"In case differences shall arise as to the amount of any loss or damage, whether before or after proof thereof has been received in regular form, and prior to a tender by this company to the assured of the amounts as set forth in said proof of loss, or after the property has been replaced or repaired, the matter shall, *at the written request of either party,* be submitted to two impartial appraisers, one to be selected by each party, and the two so chosen shall first select an umpire to act with them in case of their disagreement; and if said appraisers fail to agree, they shall refer the difference to such umpire, and the awards of any two, in writing, shall be binding on the parties as to the amount of any such loss or

damage, and the acceptance of the property replaced or repaired, but shall not decide the liability of this company under this policy."

This provision really has no application to this case, for the following reasons: It does not appear that any differences of opinion ever arose with regard to the amount of the loss or damage. The property was totally destroyed, and it was worth very much more than the amount of the insurance. Besides, no "written request of either party," nor any request, asking or suggesting that "appraisers" or arbitrators or referees should be selected or appointed, was ever presented by either party to the other; and hence it was not necessary, under the facts of this case and under that clause of the policy, that there should be any appraisement or arbitration or reference before the commencement of an action by the assured against the insurance company to recover for his loss under the policy. (*Insurance Co. v. Wilson*, 45 Kas. 250; *Nurney v. Insurance Co.*, 63 Mich. 633; same case, 30 N. W. Rep. 350.)

It is next claimed that the assured did not give notice within sufficient time concerning his loss. There is a provision in the insurance policy which reads as follows:

"Persons sustaining loss or damage by fire shall *forthwith* give notice in writing of said loss to this company, accompanied with a copy of the written portion of all the policies thereon."

It will be seen from this provision that the notice should be given "forthwith," and it is claimed that the notice was not given until 12 days had elapsed after the fire occurred. The notice, however, was given "forthwith" to the local agent of the insurance company, who procured the insurance, but was probably not given formally and to any general agent of the insurance company until about 12 days had elapsed after the fire occurred. The fire occurred on November 2, 1888; the notice was dated November 13, 1888, and was probably not received by the company until November 14, 1888; but taking this last-mentioned notice as

the only proper or formal notice that was given, still we think the assured did not forfeit his rights under the policy because of the delay in giving the notice. No harm was done; and, besides, it is pretty clear that the insurance company did not at any time intend to pay the insurance money if it could possibly avoid it.

It is further claimed that the assured forfeited his right to the insurance money because he did not after the fire occurred fully comply with all the terms and conditions of the insurance policy with regard to proofs of loss, etc. We think, however, he did substantially comply with all such terms and conditions. He attempted to do so at least, and attempted to do so in good faith. The proofs of loss were made out before the insurance company's local agent, who was also a notary public, on November 29, 1888, and the insurance company in all probability received them on November 30, 1888. Then followed some correspondence between the assured and the insurance company, the company requiring that further and additional things should be done, and the assured attempted in good faith to comply with its demands, and he did, in fact, substantially comply. The last communication from the assured to the insurance company, in his attempt to comply with all that the company required, was by a letter dated December 19, 1888, and received by the company probably not later than December 20, 1888, yet the company never answered this letter, nor made any objections thereto, nor any objection whatever after that time, until February 6, 1889, when, after the assured had again written to the company, (the letter being dated February 1, 1889,) demanding payment of the insurance money, the company answered, (its letter being dated February 6, 1889,) substantially denying all liability, and for reasons never before urged. By the delay in making objections to the proofs of loss, etc., we think the company waived all possible objections thereto. It has been decided in New York that a retention by an insurer of proofs of loss for 38 days without objection would warrant a finding that all objections had been waived. (*Keeney v. Insurance Co.*, 71 N. Y. 396; same case, 27 Am. Rep.

60.) We think this is good law, and that it applies to the present case. In the present case, however, the insurance company waited 48 days after receiving the proofs of loss, etc., before making any objection.

There is really no substantial reason why the insurance company should not pay the amount of the policy in the present case, and we think no substantial error was committed by the court below, and therefore its judgment will be affirmed.

All the Justices concurring.