KAHNWEILER et al. v. PHOENIX INS. CO. OF BROOKLYN.

(Circuit Court, D. Kansas, First Division. September 4, 1893.)

1. INSURANCE—PROOF OF LOSS.
Failure to furnish proof of loss within 30 days after a fire, in accordance with the provision of an insurance policy providing that persons sustaining loss or damage by fire shall forthwith give notice of such loss, and within 30 days thereafter render a particular and specific account thereof, does not work a forfeiture of the policy, but merely delays the date when the loss will become payable.

2. SAME—ARBITRATION—PREMATURE ACTION ON POLICY.
The policy also provided that, in case of disagreement as to the amount of loss, arbitration should be had, and that no action should be brought by the assured upon the policy until after an award fixing the amount of the claim, and further provided that such an award should be a condition precedent to an action. *Held*, that such provision was legal and enforceable, and the bringing of an action on the policy before arbitration and award was premature. Hamilton v. Liverpool, L. & G. Ins. Co., 10 Sup. Ct. Rep. 945, 136 U. S. 242, and Same v. Home Ins. Co., 11 Sup. Ct. Rep. 133, 137 U. S. 370, 385, followed. Vangindertaelen v. Insurance Co., 51 N. W. Rep. 1122, 82 Wis. 112, distinguished.

3. SAME—DEFENSE TO ACTION ON POLICY.
The insurer was not required, in the event of failure to agree as to the amount of loss, to demand arbitration, and could avail itself of the provision as a defense notwithstanding its denial of liability.

Action by A. B. Kahnweiler & Bro. against the Phoenix Insurance Company of Brooklyn upon a fire insurance policy. Judgment for defendant. Motion for a new trial denied.

Rossington, Smith & Dallas, for plaintiffs.
H. M. Jackson, for defendant.

FOSTER, District Judge. On or about the 8th day of January, 1887, the plaintiffs' stock of merchandise was totally destroyed by fire, excepting about $30 salvage. The stock was insured for over $40,000 in something like 20 different companies. The defendant company had a policy of $2,500 on the goods. Shortly after the fire an adjusting agent of the defendant company made a full investigation into the circumstances of the loss, and thereupon informed the plaintiffs that their total loss was $22,700, and further said: "We have got to go away, and want to settle. We have had dealings with your nationality before." "This amount the companies are ready to pay," and he was ready to pay the proportionate part due from the Phoenix company. The insured replied: "We had over $45,000 loss, and will not accept any such settlement." On the 4th of February the insured wrote to the office of the company, at Brooklyn, N. Y., for blanks on which to make proofs of loss, and received an answer from its Chicago office, dated February 7th, declining to furnish the blanks. On or about the 23d day of February the proofs of loss were made out, and were received at the Chicago office in four or five days thereafter. The company made no objection to the proofs of loss, or the time of making the same. This suit

was commenced on the 13th of August, 1887, about seven months after the fire. The policy of insurance contains the following provisions:

(9) "Persons sustaining loss or damage by fire shall forthwith give notice in writing of said loss to the company, and within thirty days thereafter render a particular and specific account of such loss, signed and sworn to by them. * * *" (10) "The amount of sound value and of damage to property, whether real or personal, covered by this policy, or any part thereof, may be determined by mutual agreement between the company and the assured, or, failing to agree, the same shall then be submitted to competent and impartial arbiters, one to be selected by each party; the two so chosen, in case of disagreement, to select an umpire, to whom they shall refer each subject of difference. And the award of any two of them, in writing, under oath, shall be binding and conclusive as to the amount of such loss or damage, but shall not determine the validity of the contract, nor the liability of this company, nor any other question, except only the amount of such loss or damage. Each party shall pay their own arbitrator, and one-half of the cost of the umpire. It shall be optional with the company to take the whole or any part of the articles at their appraised value; and, further, that it shall be optional with this company to repair, to rebuild, or replace the property lost or damaged, with like kind or quality within a reasonable time, giving notice of their intention to do so within sixty days after receipt of the proofs herein required, and until such proofs * * * are produced by the claimant, and such examinations and arbitrations permitted and had, the loss shall not be payable. * * *" (12) "It is furthermore hereby expressly provided and mutually agreed that no suit or action against this company for the recovery of any claim by virtue of this policy shall be sustainable in any court of law or chancery until after an award shall have been obtained, fixing the amount of such claim, in the manner above provided, which is agreed to be a condition precedent, nor unless such suit or action shall be commenced within twelve months next after the date of the fire from which such loss shall occur; and, should any suit or action be commenced against this company after the expiration of the aforesaid twelve months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim, any statute of limitations to the contrary notwithstanding."

The defendant insists that this action cannot be maintained—First, because the proofs of loss were not rendered within 30 days after the fire; second, because there has been no arbitration to determine the amount of loss sustained.

The first objection is untenable. A failure to furnish the proofs of loss within 30 days did not work a forfeiture of the policy. It merely delayed the date when the loss would become payable; the insurer having 60 days after the proofs were furnished to make payment, or replace the property destroyed. Hall v. Insurance Co., (Mich.) 51 N. W. Rep. 524; Vangindertaelen v. Insurance Co., 82 Wis. 112, 51 N. W. Rep. 1122.

On the second objection many decisions have been cited by the parties on either side, and the plaintiffs insist that the provision in the policy for arbitration has been waived by the company, and is inoperative; that the company could not invoke that provision to abate or defeat the plaintiffs' suit, because it made no demand for arbitration, and because it denies its liability in toto. This denial of liability in toto appears for the first time in the answer of the defendant in this suit. Up to that time the company had offered to pay its proportion of what it claimed was the actual loss of the

insured, but there was an irreconcilable difference between the parties as to the amount of that loss, thus bringing the case within the provisions of the arbitration clause of the policy. Inasmuch as the arbitration should precede any suit, at no time during the period for arbitration did the company deny its liability for the loss. That the company has set up in one count of its answer a denial of any liability does not affect the case. It might waive any objection to the cause of the fire, and offer to settle, to avoid litigation; but this would not effect its right, when sued, to set up in its answer any legal defense it had to the action. Did the insurance company lose its right to invoke this provision of the policy by not making demand for arbitration? Counsel for plaintiffs has cited many authorities on this point, but it will be observed that in the cases cited the provision in the policy was different from this. There the contract provided *for arbitration if either party demanded it in writing. It was not an absolute covenant, but was optional, nor was it made a condition precedent to the bringing of suit. See Wright v. Insurance Co., (Pa. Sup.) 20 Atl. Rep. 716; Nurney v. Insurance Co., 63 Mich. 633, 30 N. W. Rep. 350; Wood, Ins. § 1015; Mentz v. Insurance Co., 79 Pa. St. 478; Schollenberger v. Insurance Co., 7 Ins. Law J. 697; Insurance Co. v. Badger, 53 Wis. 283, 10 N. W. Rep. 504.

In Vangindertaelen v. Insurance Co., 82 Wis. 112, 51 N. W. Rep. 1122, the company received proofs of loss, but did not make objection to the amount claimed; hence the insurer, having no notice of a disagreement as to loss, took no steps toward arbitration. It must be observed that in the case at bar the provision for arbitration is absolute, and forms a part of the contract. It is also, in terms, declared to be a condition precedent to the bringing of suit. There were no conditions required to make it operative, except a disagreement between the parties touching the amount of loss. If the company was bound to make a demand for arbitration, when should that demand have been made? There was no time fixed. The plaintiffs had a year after the loss in which to bring their suit, and they could delay arbitration for many months, if they desired; so they demanded it before suit was brought, and this suit was brought nearly five months before the year expired. I cannot see any reason why the company was compelled to take any action in the matter of arbitration before this suit was commenced. It had a right to rest upon the terms of the policy, and to expect the assured would bring no suit until they at least attempted to comply with those terms. Whatever difference of views may be found in the decisions of different states, it is enough for this court to know and follow the decisions of the supreme court, and that court has held that this provision in the policy of insurance is legal, and can be enforced. Hamilton v. Liverpool, L. & G. Ins. Co., 136 U. S. 242, 10 Sup. Ct. Rep. 945; Same v. Home Ins. Co., 137 U. S. 370, 385, 11 Sup. Ct. Rep. 133.

In the first above cited case the policy provided that, in case of difference as to the amount of loss, either party could demand, in

writing, that it be arbitrated. There was a difference between the parties, and the company demanded arbitration; but the assured sought to impose further conditions, and the arbitration failed. In that case the court held that the insurance company, after making a demand, had an absolute right to arbitration. In this case the right was absolute without any demand, by the terms of the policy itself. For the reasons above stated the motion for a new trial must be overruled.