SHERIDAN A. HUMPHREY v. M. J. YOUNG, Appellant.

**Expert Evidence.** A witness who says he knows what stallions of a certain breed were selling for since the sale of one in suit, that all he knows is what his neighbor paid for two, that he was engaged in farming, and handling horses more or less, and that he has a general knowledge of the value of horses of different breed, including "this breed," may give an opinion what the horse in dispute is worth. And so may one who says he is a farmer and that he knows what horses, generally, not breeding horses, were worth.

*Appeal from O'Brien District Court.*—HON. SCOTT M. LADD, Judge.

SATURDAY, OCTOBER 13, 1894.

ACTION at law to recover damages for breach of warranty in the sale of a stallion. The case was tried to a jury. Verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Milt H. Allen* and *W. J. Lorshbaugh* for appellant.

*Parker & Richardson* and *W. D. Boies* for appellee.

DEEMER, J.—On the twenty-third day of December, 1891, plaintiff and defendant entered into a contract, whereby defendant traded to plaintiff two stallions for one hundred and twenty acres of land in Clay county, Iowa, and a note and mortgage of plaintiff for six hundred dollars. One of the horses, a stallion called "Raeberry," was taken by plaintiff at the agreed price of one thousand dollars. It is claimed in the petition that the defendant warranted the stallion to be a "sure foal getter," better than the average, and that he was an imported, full blood, registered Clydesdale stallion; that the horse was not a "sure foal getter," and was wholly worthless for the purpose; and that he was not imported nor registered. The answer to the petition was a general denial of the alleged warranty. The case was tried to a jury, resulting in a verdict for plaintiff for nine hundred dollars. Appellant contends that there was no competent evidence as to the actual value of the horse in the condition he was in, and no proper testimony as to his value had he been in the condition represented. The plaintiff, to establish these matters, was a witness in his own behalf, and also produced one Elliot. To

establish the competency of plaintiff as a witness to values he was asked: "*Q.* You don't know what horses of that breed—stallions of that breed—were selling for? *A.* Yes, sir. *Q.* Do you know of any stallions of that breed being purchased about that time, or at any time in the last few years? *A.* I know of horses being purchased down there, of the same class, since that. *Q.* You have a general knowledge of the average value of such horses? Did you at that time have a general knowledge of such horses? *A.* Why, all I know is there was one of my neighbors bought a couple. He paid one thousand and six hundred dollars for one and one thousand dollars for the other. *Q.* And you were engaged in farming business about that time,—in handling horses, more or less? *A.* Yes, sir. * * * *Q.* I am asking you now if you had a general knowledge of the value of horses of different breeds, including this breed. *A.* Yes, sir." He then testified that in his opinion the stallion would have been worth one thousand dollars if he had been as warranted. He also testified that the horse, in the condition he was in, was worth but one hundred dollars. The witness Elliot stated he was a farmer, and was then asked: "*Q.* Do you know what horses were generally worth in the fall of 1890? I am speaking now of horses generally, not breeding horses. *A.* Well, yes; I think I do." He then stated that the horse in the condition he was in, was worth one hundred dollars. It is insisted that these witnesses were not shown to be competent to testify as to values, and that no foundation was laid, showing them possessed of sufficient knowledge on the subject to allow them to give an opinion. The case is stronger in its facts than appeared in *Gere v. Insurance Co.*, 67 Iowa, 272, 23 N. W. Rep. 137, and 25 N. W. Rep. 159, wherein it was held opinions were admissible; and it is manifest that

the witnesses each possessed sufficient knowledge to justify the court in admitting their testimony.

It is also insisted that the verdict is excessive, and not sustained by the testimony. From the testimony it appears that the damages, if any, were the amount allowed by the jury; and, as we hold the testimony was competent, there was sufficient to sustain the verdict. There being no error in the record, the judgment is AFFIRMED.