## W. W. DAVIS v. THE ANCHOR MUTUAL FIRE INSURANCE COMPANY, Appellant.

**Insurance:** CONSTRUCTION OF POLICY.  Binding twine is covered by a policy on implements including binder "and all such goods not more hazardous, kept for sale in a general implement store."

ARBITRATION.  Where a policy provides that differences as to loss should, at the "written request of either party," be submitted to arbitration and that no action should be brought until after the award, such arbitration is not a condition precedent to bringing action, where no arbitration has been requested.

**Practice:** HARMLESS ERROR.  When plaintiff, in the presence of the jury, disclaims recovery under his policy, for hardware, it may be charged that such policy does not include hardware.

CROSS-EXAMINATION.  The age and construction of a building cannot be shown on cross-examination where the direct examination did not touch upon the value of the building.

AFFIRMATIVE DEFENSES.  That plaintiff might have saved insured goods from loss must be pleaded and proved by defendant.

CHALLENGE FOR CAUSE must state for what cause objection is made.

*Appeal from Warren District Court.*—HON. J. H. HEN-
DERSON, Judge.

SATURDAY, OCTOBER 19, 1895.

Action on a policy of fire insurance.  Judgment for the plaintiff, and the defendant appealed.—*Affirmed.*

*W. F. Powell, J. E. Williamson,* and *Sullivan &
Sullivan* for appellant.

*W. H. Berry* for appellee.

Granger, J.—I.  At the impaneling of the jury, one Whitney was examined as to his qualifications to sit as a juror; and some of his answers showed that he had formed "some opinion," and would "enter upon the trial of the case with some bias."  Both the court and counsel for defendant questioned the juror after these statements, and the defendant challenged for cause, and the challenge was overruled.  Complaint is now made of the ruling.  Appellee urges that the challenge, being merely "for cause," is insufficient.  The same point was considered in *Bonney v. Cocke,* 61 Iowa, 303 (16 N. W. Rep. 139), and such a challenge was held to be too indefinite.  In a challenge for cause, the cause of the challenge should be stated.  The causes for such challenge are specified in Code, section 2772.

II.  The policy covered an insurance of six hundred dollars on a building, and "six hundred dollars on a stock of implements, consisting chiefly of wagons, buggies, plows, cultivators,  *  *  *  binders, pumps, and all such goods, not more hazardous, kept for sale

in a general implement store." In the stock was a quantity of binding twine, and the court permitted the jury to consider whether or not it came within the terms of the policy. This action of the court is said to be error, and it is said that binding twine could not be included in "goods kept in a general implement store." The policy shows, from its specifications, that it was intended mainly to cover agricultural implements; that is, that the stock was of that character. It did not attempt to specify all the kinds of property insured, and hence other articles than those named may be included, if they are such as are kept in a general implement store, and the inference is that the store insured was such an one. Among the articles specified are binders, and twine is essential to the operation of binders. It seems to us that, in a proper sense, it could be regarded as an implement, within the meaning of the policy. An "implement" is defined to be "that which fulfills or supplies a want or use." The word has an especial application to an instrument, tool, or utensil, as supplying a requisite to an end. Binding twine comes within the general definition of the word, and the scope of the provision of the policy warrants such a use of it.

III. The plaintiff was a witness, and testified as to the fact of the fire; that it occurred on the morning of June 20, 1893; as to what was burned; and as to the value of the personal property. On cross-examination, defendant attempted to show where plaintiff was on the night of the fire, which the court excluded. Complaint is made of the ruling, and it is said that the purpose was to show that the plaintiff could have saved property from the fire, if he so wished. The difficulty is, there was no such issue. If the defendant relied on the negligence of the plaintiff, either as defense, or to mitigate the damages, it was a matter to be pleaded and proven. It is further said

that they had a right to show the kind of building, what the material was, and how long used. We do not see what for. The law fixes the measure of recovery *prima facie,* at the amount stated in the policy, and such inquiries could only go to the value of the building. Plaintiff had not testified on the direct examination as to that fact. There was no error in the ruling.

IV. The following is the sixth instruction given: "The policy covering the goods and merchandise described the same as follows: 'On stock of implements, consisting chiefly of wagons, buggies, plows, cultivators, corn planters, mowers, reapers, binders, pumps, and all such goods not more hazardous kept for sale in a general implement store.' Under this provision of the policy, it would include all of the articles specifically described, and all of such other articles ordinarily kept for sale in a general implement store, but would not include articles kept for sale, such as are not so ordinarily kept in such implement store, and therefore would not include hardware kept for sale, unless such hardware was so usually kept for sale in such general implement store. You are, therefore, only to allow the actual cash value for such property as was destroyed or damaged, as ordinarily and usually is kept in a general implement store." The complaint is that there was no evidence that hardware was usually kept for sale in an implement store, and that the language of the instruction in relation to hardware is prejudicial. We think that the court might well have said to the jury, in terms, that there could be no recovery for hardware, for plaintiff made no such claim, but, on the contrary, disclaimed the right in the following language: "Counsel for plaintiff here states to the court that this policy did not include hardware, and they shall not ask any damages on account of the loss of hardware." This statement

was made in the examination of a witness, and must have been in the presence of the jury; and, when the language of the instruction is taken with the statement of the counsel, the jury could not have understood otherwise than that there could be no recovery for hardware. Nor does the amount of the verdict necessarily include a finding for hardware.

V. The question regarded by both parties as the important one in the case arises on a construction of the policy. It contains the following provisions: Sec. 9. "The amount of sound value, and of the loss or damage, shall be determined by agreement between the company and the assured; but if, at any time, differences should arise as to the amount of any loss or damage, or as to any question, matter, or thing concerning or arising out of this insurance, every such difference shall, at the written request of either party, be submitted, at the equal expense of the parties, to competent and impartial persons, one to be chosen by each party; and the two so chosen shall select an umpire to act with them, in case of their disagreement; and the award in writing of two of them shall be binding and conclusive as to the amount of such loss or damage, or as to any question, matter, or thing submitted, but shall not decide the liability of the company; and until such proofs, declarations, and certificates are produced, and examinations and appraisals permitted, the loss shall not be payable." Sec. 10. "It is furthermore hereby expressly provided and mutually agreed that no suit or action against this company for recovery of any claim by virtue of this policy shall be sustainable in any court of law or chancery until after such awards shall have been obtained, fixing the amount of such claim in the manner herein provided." Neither of the parties made a written request for the arbitration of any difference, nor, in fact, any request. The defendant pleads these

provisions of the policy, and says that the arbitration therein provided for, unless waived by the defendant, is a condition precedent to a recovery. It appears from the appellant's argument that the district court construed the policy to mean that an arbitration was not a condition precedent, unless requested in writing, and, as no request had been made, the court did not submit to the jury the defense so pleaded. We agree with the district court in its construction of the policy. Its language is that "as to any question, matter, or thing concerning or arising out of the insurance, every such difference shall, at the written request of either party, be submitted * * * to competent and impartial persons." It is difficult to elaborate language that is so plain, and, of itself, so conclusive. If we eliminate the words, "at the written request of either party," we have, in terms, a provision for arbitration as a condition precedent to a right of action. If we restore the words, the provision is so modified that the arbitration is only to be had on request. Until there is a written request, neither party is compelled to arbitrate. Appellant's construction is that plaintiff must request arbitration, and then, if he desires, defendant may waive it. That would be the same as if the policy provided that such differences should be arbitrated unless defendant waived the right. The language of the policy cannot be tortured into such a meaning. When a difference arises, it gives either party a right to enforce arbitration by requesting it. If neither requests it, the provision for arbitration is not made operative in that particular case. Importance is attached to section 10, because of its language,—that no action shall be maintained until the award provided for in the preceding section shall have been obtained. That language means no more than this: That when arbitration, provided for in section 9, is invoked, as by its terms provided, no action

can be maintained until the award is had. Section 10 merely saves to the party desiring it the right to the award under section 9; but, if he desires it, he must take the steps agreed upon to obtain it. Appellant, with much care, has collected authorities in which arbitration has been held to be a condition precedent to an action. Such authorities are numerous, but not one of those cited sustain such a rule, under the facts of this case. The following from May, Ins. section 493, seems decisive of the point: "Where a policy provides for arbitration upon the written request of either party, a request in writing is a condition precedent to appraisal and award; and, if there is no such request, arbitration is not necessary before suit. When it was in the power of the company to have an arbitration by written request, and they failed to avail themselves of the right, they are estopped from setting up 'no award' as a defense to an action by the assured.  *   *   * If written request is not made, the condition for arbitration is waived." *Insurance Co. v. Badger,* 53 Wis. 283 (10 N. W. Rep. 504); *Nurney v. Insurance Co.,* 63 Mich. 633 (30 N. W. Rep. 350); *Gere v. Insurance Co.,* 67 Iowa, 272 (23 N. W. Rep. 137 and 25 N. W. Rep. 159). This conclusion renders it unnecessary for us to consider the validity of the provisions of the policy as to arbitration. The verdict is not excessive, and the judgment is *affirmed.*