L. P. GARRETSON, Appellant, v. MERCHANTS AND BANKERS FIRE INSURANCE COMPANY.

Fire Insurance: ARBITRATION: *Waiver.* A condition in a fire insurance policy requiring the submission to arbitration of any difference as to loss, on the request in writing of either party, and providing that no action shall be brought on the policy until after the award, is waived on a failure of either party to request an arbitration.

WHEN NOT CONDITION PRECEDENT. Where a fire policy provides that any controversy as to the loss shall be submitted to arbitration, and that no action shall be brought until after the award, such arbitration, in the absence of a written request therefor, is not a condition precedent to an action on the policy.

SAME. A fire policy requiring suit to be brought thereon within six months after a loss, exclusive of any time consumed in arbitration, and providing that any difference as to the amount

of the loss may be submitted to arbitration on written request of either party, and that no suit shall be brought until after the arbitration, does not authorize the insured to bring suit after the expiration of six months, in the absence of a request by either of the parties for an arbitration within such time. Insured cannot, prolong the time given by the contract for bringing suit by delaying to make written request for arbitrators.

*Appeal from Polk District Court.*—Hon. W. F. Conrad, Judge.

Tuesday, May 14, 1901.

The plaintiff alleges in her petition, filed November 15, 1897, that her assignor insured in the defendant company against loss by fire on the sixteenth day of June, 1887; that on the seventeenth day of November, 1887, he suffered a loss covered by the policy, and that on the third day of January, 1888, he furnished the defendant with notice and proofs of loss as provided in the policy; that on the tenth day of November, 1897, "she made a written demand on the defendant company, demanding of them an award of arbitration under said policy." The petition was demurred to on the ground that the action was barred by the terms of the policy sued on. The demurrer was sustained, and judgment rendered for the defendant. The plaintiff appeals.—*Affirmed.*

*J. A. Merritt* for appellant.

*Read & Read* for appellee.

Sherwin, J.—The policy in suit contains the following stipulations: "In case of a disagreement as to the amount of sound value or damage to any property insured, the same shall, at the written request of either party, be determined by impartial arbitrators; one to be chosen by the company and one by the assured; the two chosen to select a third in case they cannot agree; * * * and

the award  *  *  *  shall be conclusive as to the amount of such sound value and damage." It is further stipulated in said policy "that no suit on this contract for the recovery of any claim shall be sustainable in any court of law or equity until after an award shall have been obtained by arbitration in the manner in said policy provided, nor unless commenced within six months next ensuing after the fire, exclusive of any time consumed in arbitration." As stated by the appellant, "she relies upon the proposition that her cause of action did not accrue and was not maintainable in any court of law or equity until after said notice in writing was given for arbitration, and said arbitration refused by the defendant." In other words, the plaintiff contends that the insured, under the stipulations above given, may postpone an action on a policy indefinitely by failure to make a written request for arbitration. In this case such a rule would extend the limitation about nine years. The provision for arbitration on the policy under consideration is not in itself a condition precedent to bringing suit. To make it such a condition it must be shown that a written request therefor has been made by one of the parties to the contract. May, Insurance, section 493, 4th Ed; *Davis v. Insurance Co.,* 96 Iowa, 70. If a written request is not made by either party "the condition for arbitration is waived." *Nurney v. Insurance Co.,* 63 Mich. 633 (30 N. W. Rep. 350).

The stipulation relied on by the appellant provides that no action shall be brought "unless commenced within six months next ensuing after the fire, exclusive of any time consumed in arbitration." If arbitration was expressly waived by both parties, or if the plaintiff made a written request therefor, which was refused by the defendant, suit could be immediately brought. May, Ins., *supra.* This stipulation should be construed to extend the time for bringing suit only in case the arbitration had been set in motion by the written request of either party before the limitation would otherwise have expired. By making such request

within this time, the plaintiff had it in her power to either compel arbitration or a waiver thereof, and in either event fully protect herself. This she did not do, but by her own neglect let nearly nine years pass before making this request.

The provision in the policy limiting the time in which suit can be brought is valid. *Harrison v. Insurance Co.,* 102 Iowa, 112; *Read v. Insurance Co.,* 103 Iowa, 307. In *Harrison v. Insurance Co.,* 112 Iowa, 77, the facts are in no way similar to the facts in this case; nor is the holding therein contrary to the views herein expressed. Plaintiff's action is clearly barred. The judgment is AFFIRMED.