No. 23,794.

J. J. BAKER, *Appellee*, v. CONTINENTAL AUTO INSURANCE ASSOCIATION, *Appellant*.

SYLLABUS BY THE COURT.

1. AUTO FIRE INSURANCE—*Action on Policy—Petition Stated Cause of Action—Ownership and Value for the Jury.* In an action upon a policy insuring a touring car against loss by fire, the petition alleged that at the time the policy was issued plaintiff was the owner of the car and that five days later while it was in his garage at his home it was destroyed by fire. The answer denied that plaintiff owned the property at the time the policy was issued or when the loss occurred. The reply was a general denial. There was no demurrer to the petition, no objection to the introduction of testimony; defendant offered no evidence; waived argument and contended that the petition was fatally defective because it failed to allege

that when the loss occurred plaintiff was the owner of the property and to allege the value of the car at the time the loss occurred. *Held,* that the objections are without merit, and that the allegations of the petition and the supporting evidence were sufficient to carry the case to the jury on the question of ownership and value.

2. SAME—*Under the Facts Arbitration Not a Condition Precedent to the Action.* The policy contained an arbitration clause which reads:

"4. In the event of loss or damage to the property insured herein, and the assured and the association fail to agree as to the amount of such loss or damage, then such loss or damage shall be determined by appraisers, each party to select one (1) and in case of their disagreement the two so chosen shall select a third and the award in writing of two of them shall be binding as to the amount of such loss or damage only. The association and the assured shall pay the appraisers respectively selected by them and share equally all other expenses in connection with such appraisement."

*Held,* on the facts stated in the opinion, and because there was no showing that any difference of opinion ever arose between the parties as to the amount of the loss or damage, arbitration was not a condition precedent.

Appeal from Cherokee district court; FRANK W. BOSS, judge. Opinion filed June 10, 1922. Affirmed.

*Al F. Williams,* of Columbus, *Frank Wilkinson,* and *David Dabbs,* both of Kansas City, Mo., for the appellant.

*C. A. McNeill,* and *E. V. McNeill,* both of Columbus, for the appellee.

The opinion of the court was delivered by

PORTER, J.: On December 3, 1920, the defendant issued a policy insuring plaintiff's touring car against loss by fire to the extent of $1,500. Five days later the car was destroyed by fire. The defendant refused payment and this action was brought. The answer denied that the plaintiff owned the property at the time the policy was issued and at the time the loss occurred. As a further defense it was alleged that there was a change of ownership in the car and a misrepresentation and concealment of facts in reference to the ownership. The reply was a general denial. The plaintiff introduced his evidence tending to prove the facts alleged in the petition. The defendant introduced no evidence and waived argument. The court instructed the jury fully upon the issues and a verdict was returned finding that the plaintiff was the owner of the automobile at the time the policy was issued and when it was destroyed. The verdict was for $1,286, upon which judgment was rendered and the court upon the testimony found that $300 was a reasonable attorney's fee and that plaintiff was entitled to recover that amount. A motion for a new trial was overruled.

The main contention is that the petition was so defective that the plaintiff was not entitled to recover. The defects alleged are the failure to state that the insurance was in force when the car was destroyed; the failure to state that the plaintiff was the owner at the time the loss occurred; the failure to allege the value of the car at the time of the loss as required by the terms of the policy attached to the petition. There was no demurrer to the petition, no objection to the introduction of testimony, and no objection to anything that occurred on the trial except to the judgment rendered. A number of decisions are cited from Missouri courts to the effect that a petition in such a case fails to state a cause of action unless it alleges that the property was covered at the time of the fire; and other decisions from the same courts holding that a statement in the petition that the property was plaintiff's property would not be sufficient. We have not examined the cases to discover the particular facts upon which the decisions turned, but it is enough to say that the rule of pleading stated therein does not appeal to us as persuasive, and that applied to the facts here the rule seems quite technical. In this case the petition alleged that at the time the policy was issued the plaintiff was the owner of the car and that five days later, while it was in his garage at his home, it was destroyed by fire. Without a demurrer or any objection to the petition, we think this was sufficient to carry the case to the jury on the question of ownership. To uphold the judgment courts would be justified in indulging the presumption that the title having been shown to be in the plaintiff on the 5th day of February, and the car still in his possession and control five days later, the title had not changed. The same thing may be said as to the failure to allege the value of the car five days after the policy was issued.

One other question relates to the arbitration clause which reads:

"4. In the event of loss or damage to the property insured herein, and the assured and the association fail to agree as to the amount of such loss or damage, then such loss or damage shall be determined by appraisers, each party to select one (1) and in case of their disagreement, the two so chosen shall select a third and the award in writing of two of them shall be binding as to the amount of such loss or damage only. The association and the assured shall pay the appraisers respectively selected by them and share equally all other expenses in connection with such appraisement."

It is insisted that arbitration was a condition precedent to the right to maintain the action. The defendant cites *Insurance Co. v. Wallace*, 48 Kan. 400, 29 Pac. 755. The policy in that case provided

for arbitration in case differences arose as to the amount of the loss or damage before or after proof, and upon the written request of either party; etc. It was held that because there was no showing that any difference of opinion ever arose as to the amount of the loss or damage, arbitration was not a condition precedent. The evidence in the present case shows that the plaintiff gave notice of the loss to the local agent and sent a number of communications to the defendant which so far as the evidence shows were never answered. At all events, there is no showing that any differences arose between the parties calling for an arbitration. Besides, no defense was made to the action upon that ground.

Judgment was rendered for the amount of the verdict plus $300 attorney fees, fixed by the court upon evidence submitted on that question. The fees should be taxed as costs instead of being included in the judgment.

The judgment is affirmed.