# Wright *versus* Susquehanna Mutual Fire Insurance Company.

1. A policy of fire insurance contained the following stipulations: "In case differences shall arise touching any loss or damage, after proof thereof has been received in due form, the matter shall, at the written request of either party, be submitted to impartial arbitrators . . . . . but (the arbitrators) shall not decide as to the validity of the contract, the liability of the company, or any other question, except as to the amount of such loss or damage. . . . . . It is furthermore hereby expressly provided and mutually agreed that no suit or action against this company for the recovery of any claim, by virtue of this policy, shall be sustainable in any court of law or chancery, until an award shall have been obtained, fixing the amount of such claim in the manner hereinbefore provided," &c.

  *Held*, that such written request was a condition precedent to an appraisal and award, and as there had been no written request by either party such an appraisal and award was not a condition precedent to the right to sue.

2. A policy of fire insurance provided that "unless consent in writing is indorsed by the company hereon . . . . . if during the life of this policy an encumbrance fall or be executed upon the property insured" said policy would become void. A mortgage was placed on the insured property during the life of the policy and notice thereof was indorsed by the agent on the policy as provided therein.

  *Held*, that it was for the jury to determine whether or not, under the above facts, the policy became void by mortgaging the property.

April 28th, 1885. Before MERCUR, C. J., GORDON, PAXSON, STERRETT, GREEN and CLARK, JJ. TRUNKEY, J., absent.

ERROR to the Court of Common Pleas of *Bucks county:* Of January Term 1885, No. 169.

This was an action of covenant by Henry M. Wright against the Susquehanna Mutual Fire Insurance Company to recover for a loss sustained by the plaintiff on a policy of fire insurance issued by defendant company on plaintiff's mill for one year from January 13th, 1882. Pleas covenants performed, *absque hoc.*

On the trial, before YERKES, P. J., it appeared that the policy in question was delivered to plaintiff by Edmund G. Harrison, the company's local agent. Previous to the issuing of the policy the plaintiff told Harrison he did not want to have the property insured unless he had the privilege of putting a mortgage upon it, and Harrison replied, "that will make no difference." Harrison sent the application for insurance with information that plaintiff desired to place a mortgage on the property, to the secretary of the company. Plaintiff subsequently received the policy and executed a

mortgage for $4,000, covering the insured property. The policy provided as follows: "This policy shall become void unless consent in writing is indorsed by the company hereon . . . . . if during the life of this policy an encumbrance fall or be executed upon the property insured."

On February 3d, 1882, plaintiff took the policy to Mr. Harrison to have indorsed upon it the approval of the company as to placing the encumbrance above stated on the property, in accordance with the conditions of the policy. The following was indorsed on the policy.:—

"Notice has been given of a mortgage having been made on an adjoining property, which also includes the ground upon which the buildings are erected, $4,000 mortgage."

"E. G. HARRISON, Agent."

"February 3d, 1882."

On February 15th, 1882, the property was damaged by fire. Plaintiff promptly notified the company of the loss, in compliance with the terms of the policy by delivering to the secretary of the company, within twenty days after fire, a particular statement of the loss, signed and sworn to by him. On the back of this statement was indorsed, "Received, February 25th, 1882." On February 20th, 1882, the secretary of the company visited the ruins and offered $300 in settlement, which was refused; the agent was afterwards instructed to offer $500 in settlement. March 10th, 1882, the secretary of the company received from plaintiff an appraisement of losses sustained by him, sworn to by two disinterested persons, as required by the policy. The defendant took no notice of plaintiff's demand for payment until suit was brought.

The policy contained, *inter alia*, the following provisions:—

"5. But provided, in case differences shall arise touching any loss or damage, after proof thereof has been received in due form, the matter shall, at the written request of either party, be submitted to impartial arbitrators, of whom the company shall select one and the said insured shall select a second and the said two arbitrators, in case of disagreement upon the matters so submitted or referred to them, shall nominate a third person to act as umpire between them, and the award of any two, in writing, under oath, shall be binding and conclusive as to the amount of such loss or damage; but shall not decide as to the validity of the contract, the liability of the company, or any other question, except as to the amount of such loss or damage. . . . . . ."

"12. It is furthermore hereby expressly provided and mutually agreed that no suit or action against this company for the recovery of any claim, by virtue of this policy, shall be

sustainable in any court of law or chancery, until an award shall have been obtained, fixing the amount of such claim in the manner hereinbefore provided. . .    . ."

At the close of plaintiff's evidence the defendant moved for judgment of nonsuit, because, first, there had been no award made in accordance with paragraph five of the policy nor had steps been taken to procure one; and secondly, because plaintiff's declaration averred that no incumbrance existed on the property during the life of the policy, whereas the evidence showed that a mortgage was placed on the property.

The court entered a nonsuit and subsequently refused to take it off, filing the following opinion :—

The case of Mentz v. Armenia Fire Insurance Company, 29 P. F. S., 480, is inconsistent with the decision in the case of Flaherty v. Germania Insurance Company, 1 W. N. C., 352. In the former, there was a clause in the contract that in case any difference or dispute should arise touching the amount of any loss, there should be a reference of the same, and no action at law maintainable unless the amount should be first so ascertained.    And it was held, that a failure to resort to the arbitration clause was no barrier to a suit, as it seemed from an offer of evidence made on the trial and objected to, that one ground of defence was, that there had been a breach of another condition of the contract; and the defendants must show not only that a dispute had arisen, touching the amount of loss, but also that they admitted the validity of the policy and their liability under it, and that the only question was, as to the extent of the loss.

In the other case (Flaherty v. Ins. Co.) there was a similar arbitration clause; and there it was held by the Supreme Court that a failure to first obtain an award, "was a barrier to a recovery at law without proving a demand for an arbitration by the insured and a refusal or neglect or express waiver." Yet in that case there were two other grounds of defence clearly defined, which were raised and ruled upon in the court below, that went to a breach of other conditions, which if sustained, would, either of them, have avoided the contract altogether.    But the principle recognized in both cases seems to be, that an agreement for general arbitration cannot be set up as a condition precedent to the right to bring suit, as it would oust the court of all jurisdiction, and (as was said in Gray v. Wilson, 4 Watts, 41, in explanation of such a ruling) "it is not to be supposed that parties waive the jurisdiction of the ordinary tribunals of the country unless they expressly exclude them."

An agreement for a special arbitration, however, will be upheld as an arrangement for a basis upon which the parties can

institute an action at law; and an award, where the contract so provides, becomes a condition precedent to the right of action.

Thus Mentz *v.* Armenia Ins. Co. follows the authority of Scott *v.* Avery, reported in 20 Eng. L. & Eq. Rep., 328, which declares that where it is provided that arbitrators shall be chosen, and their decision obtained upon the amount of loss or damage as a condition precedent to the right to bring an action, the jurisdiction of the courts of law is not ousted, but there is only imposed upon the plaintiff a condition that the amount shall be ascertained before he is entitled to sue for it (see 20 Eng. L. & E. Rep., 337).

This is the more appropriate tribunal in which to arrive at a fair valuation of numerous articles of property destroyed by a fire. The arbitration of the special matter is the condition precedent. If we accept literally the language that the defendant must show that the only question in dispute was as to the amount of the loss, then in all cases the suit would be but a formal procedure to obtain judgment upon a claim to which there could be no defense in law or equity, a view which practically upholds only such agreements as oust the law courts of jurisdiction, a result which strikes down the premises on which the rule is founded.

The contract under consideration, however, is unlike those considered in the cases above referred to. It expressly provides for a special arbitration of the amount of loss or damage, as a condition precedent to the right to bring suit, and also reserves the jurisdiction of the law court to try all other matters arising under the contract.

It declares that the award of the arbitrators, "*shall not* decide as to the validity of the contract, the liability of the company, or any other question except as to the amount of such loss or damage."

The contract is, therefore, materially different from that considered in Mentz *v.* Armenia Ins. Co., and we apprehend the defendants are not bound to show that the only question was that of the loss or damage. By the very terms of the contract no other question could be decided by the arbitrators, and consequently the Court is not ousted of its general jurisdiction.

But we think that granting to that case the strictest interpretation, the facts of this one bring it within the rule there laid down. There is no evidence that at the time this suit was brought the company disputed anything save the extent of the loss. They made an offer to settle for $500, and thereby admitted their liability. Upon the trial an objection of a serious nature was raised in regard to the admission of evi-

[Wright v. Ins. Co.]

dence under the pleadings, as to an encumbrance, but it did not appear that the fact of a false warranty was raised as an objection to the claims before the suit was commenced; if, in fact, it was not entirely waived on the parts of the defendants. What occurred was first at the trial, and we do not understand that something done by the defendants after the suit was instituted, in the line of defending the liability of the suit itself, and in objecting to the legality of evidence offered as part of plaintiff's case, can operate to estop them from interposing against the plaintiff's recovery, a condition precedent to his right to sue at all.

The question is: Was the suit prematurely commenced? Had the right to institute it accrued? or, was the plaintiff prohibited from bringing it by his contract, unaffected by an alleged fact which may afterward have appeared, that he had avoided the entire contract by a breach of warranty? It therefore seems clear that an act of the company, denying liability upon other grounds, to be construed as a waiver of a condition precedent, must be shown to have taken place before the bringing of the action, and that a mere objection to illegal evidence is not such waiver.

It has been urged on the authority of the German-American Ins. Co. v. Steiger (State of Illinois), 13 Ins. Law Journal, 546, that there having been no written request by either party for an appraisal, an award was not necessary in order to entitle the plaintiff to bring suit.

That case was expressly decided upon the terms of all the conditions of the policy considered together, which are not before us, and it is not in accord with the weight of authority.

Such a stipulation is a condition precedent, performance of which, or an offer to perform by the assured, or a waiver thereof by the assurer, must be shown: Wood on Insurance, 751, Sec. 431; Flaherty v. Ins. Co., 1 W. N. C., 352.

When a contract provided for an award as to the amount of a claim before bringing a suit, it was held that the award " is a part of the plaintiff's case, and not matter which comes in by way of defence. From this it follows it is incumbent on the plaintiff to aver and prove that a valuation was made according to the requirements of the contract ": Monongahela Nav. Co. v. Fenlon, 4 W. & S., 212. And in reference to an arbitration agreement, it was said that the farthest limit of our cases is to hold that when one of the parties has refused to join in the choice of arbitrators, or prevented a chosen umpire from acting, the other party may come into a court of law: Reynolds et al. v. Caldwell, 1 P. F. S., 298. And now to wit, November 25, 1884, motion is overruled, and we refuse to set aside the nonsuit.

14 OUTERBRIDGE—3

Whereupon the plaintiff took this writ, assigning for error the entering of judgment of nonsuit, and the court's refusal to take off the same.

*William Stuckert* (with whom were *John C. Stuckert, Alfred Fackenthall,* and *J. Fackenthall*), for plaintiff in error.—Plaintiff promptly notified the company's agent of the incumbrance placed on the property. The agent's indorsement on the policy of notice given was intended to express the consent of the company to putting the mortgage on the property, and whether or not the company did actually ratify the act of its agent was for the jury: Eilenberger *v.* Ins. Co., 8 Norris, 464; Ins. Co. *v.* Wilkinson, 13 Wallace, 222; Mundorff *v.* Wickersham, 13 P. F. S., 87; Laird *v.* Campbell, 4 Out., 164; Ins. Co. *v.* Taylor, 23 P. F. S., 342.

The defendant was as much in fault as plaintiff in not taking steps to procure an award under the terms of the policy. The written request was a condition precedent to an appraisal and award, and without it there was no necessity for an award in order to entitle plaintiff to recover: Ins. Co. *v.* Steiger, 13 Ins. Law Jour., 546. Paragraphs 5 and 12 must be read and construed together, not separately.

The case of Mentz *v.* Ins. Co., 29 P. F. S., 480, is not only inconsistent with Flaherty *v.* Ins. Co., 1 W. N. C., 352, but is a later decision, and entirely overrules it. There is no material difference between the arbitration clause in the Mentz case and the one at bar. The principle laid down in Mentz *v.* Ins. Co., supra, is reiterated in the later case of Rea's Appeal, 13 W. N. C., 546, where it is said by CLARK, J.: "The right to resort to the ordinary legal tribunal for redress of injuries and protection of personal rights, is one of the inalienable rights of the citizen, and he can no more relinquish that general right in advance by agreement than he can barter away his life or his personal liberty; every such agreement must, upon considerations of public policy, be illegal and void. It is certainly true, however, that a matter in controversy, or a pending civil suit, may be finally submitted to arbitration or to the decision of a single judge; or by omitting to exercise their rights, the parties may waive them as they choose, but they cannot by an agreement in advance, when no matter of dispute or controversy has yet arisen, forfeit their rights to a proper adjudication in the appropriate tribunal established by law, when a proper case may be presented." . . . . . "It is true also, that parties may impose as a condition precedent to application to the courts, that they shall first have settled the amount to be received, by an agreed mode of liquidation or adjustment." This opinion goes only

so far as to recognize and support a tribunal already established by the agreement of parties, and does not uphold a mere agreement, made in advance, to refer to a tribunal not yet established or agreed upon.

*Henry Lear* (with whom were *George Ross* and *L. L. James*), for defendant in error.—The arbitration clause in question is legal and binding, and a reference to arbitrators and ascertainment of amount due are conditions precedent to the right of bringing suit: Yeomans v. Ins. Co., 5 Ins. Law Jour., 858; Gauche v. Ins. Co., 11 Id., 361; Old Saucelito Land & Dock Co. v. Assurance Co., 14 Id., 135; Lovejoy v. Ins. Co., 11 Id., 192; Scott v. Avery, 20 Eng. L. & Eq. Rep., 327; Flaherty v. Ins. Co., 1 W. N. C., 352; Rea's Appeal, 13 Id., 546; Monongahela Nav. Co. v. Fenlon, 4 W. & S., 205; Lauman v. Young, 7 Casey, 306; Mentz v. Ins. Co., 79 Pa. St., 480.

Mr. Justice PAXSON delivered the opinion of the court May 25, 1885.

The learned judge of the court below rests his judgment of nonsuit upon the single ground that the suit was prematurely brought. It was an action of covenant upon a fire policy to recover for a loss sustained by the plaintiff. The policy contained the following stipulations: "In case differences shall arise touching any loss or damage, after proof thereof has been received in due form, the matter shall, *at the written request of either party*, be submitted to impartial arbitrators, . . . . . but (the arbitrators) shall not decide as to the validity of the contract, the liability of the company, or any other question, except as to the amount of such loss or damage. . . . . . It is furthermore hereby expressly provided and mutually agreed, that no suit or action against this company for the recovery of any claim, by virtue of this policy, shall be sustainable in any court of law or chancery, until an award shall have been obtained, fixing the amount of such claim *in the manner hereinbefore provided*," etc.

The language quoted is all that is essential. At the time the action was commenced below there had not been an award under the foregoing clause, nor had any steps been taken by either party to procure one. The court below held that under the policy an award was a condition precedent to the right to sue.

Few of the authorities cited have any bearing upon the case, for the reason that the condition in the policy is peculiar, and must be construed according to its terms. It will be observed, 1st, that the arbitrators are to be chosen at the request of either party in writing, and, 2d, that the condition

[Wright v. Ins. Co.]

that no suit shall be commenced until an award shall be obtained fixing the amount of the claim, uses the language, "in the manner hereinbefore provided." This means, if it means anything, that upon the written request of the company, the plaintiff shall join them in choosing arbitrators, and procuring an award, before he shall commence suit. It was the right of either party to demand arbitration; it was the right of either party to waive it, and the defendant, having made no such demand, must be presumed to have waived it. The one clause in the policy must be read in connection with the other; the one refers to the other, and relates to the same subject matter.

In Mentz v. Armenia Fire Insurance Co., 29 P. F. S., 478, there was a condition in the policy which absolutely required an arbitration to settle the loss in case of dispute, and that no action should be brought until after such award was made. It was held, however, not to be binding. It was said by Mr. Justice SHARSWOOD: "Such an agreement, like any other agreement of reference, is revocable, though the party may subject himself to an action of damages for the revocation. It is not in the power of the parties thus to oust the courts of their general jurisdiction, any more than they have to a personal covenant that they are not to be responsible for a breach of it: Furnivall v. Coombes, 5 Mann. & G., 736. The Supreme Court of the United States have recognized the soundness of this general principle in Insurance Company v. Morse, 20 Wallace, 445, in which they held that an agreement by a foreign insurance company, in conformity with a State statute, that if sued in a State court they would not remove the suit into the Federal Court, was invalid." Flaherty v. Insurance Co., 1 W. N. C., 352, was cited as sustaining the opposite view. The condition of the policy was not given in that case, and as reported it is of very little value in this connection, for the reason that we are left in considerable doubt as to what the case really was. In German-American Ins. Co. v. Steiger, 13 Insurance Law Journal, 546, the condition in the policy was substantially similar to the one in this case, and it was held "that such written request was a condition precedent to the appraisal and award, and that there not having been a written request by either party for an appraisal, such appraisal and award were not necessary under the conditions in order to entitle the plaintiff to a recovery."

The learned court did not attach much weight to the second reason urged by the defendant as a ground of nonsuit, and it may be dismissed with the remark that under the evidence the question raised was entitled to be passed upon by the jury.

The judgment is reversed, and a venire facias de novo awarded.