Marshall, C. J.
 

 In the court of common pleas of Ashtabula county, Agresta sought to recover from the insurance company the amount of his loss by fire which entirely destroyed his store building and stock of goods. The policy of insurance was a uniform policy, which had been prepared by the company, and contained as one of its conditions the usual clause requiring immediate notice in writing of the loss, with an inventory of the property, and, within 60 days after the fire, proof of loss containing certain information upon the knowledge and belief of the insured. These notices were served, although there was some contention in the pleadings, and perhaps at the trial, that the requirements had not been fully complied with. No question upon that point is made in this error proceeding, and it is only referred to in this connection because it is some indication at least that the insurer denied ultimate liability.
 

 The insurance policy contained a further provision, as follows:
 

 “In ease the insured and this company shall fail to agree as to the amount of- loss or damage, each shall, on the written demand of either, select a competent and disinterested appraiser. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then, on request of the assured or this company, such umpire sba.11 be selected by a judge of a court of record in the
 
 *428
 
 state in which the property insured is located. * * * An award in writing, so itemized, of any two when filed with this company shall determine the amount of sound value and loss or damage.”
 

 The policy contained a further provision:
 

 “No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity, unless all the requirements of this policy shall have been complied with, nor unless commenced within twelve months after the fire.”
 

 The answer embraced five defenses, the first of which was a general denial, containing a further allegation that there was a failure to agree as to the value of the goods and the amount of damage occasioned thereto by the fire. Other defenses go to the question of ultimate liability upon the policy without regard to the amount and value of the loss. The fifth defense raises the particular issue which is the subject-matter of this error proceeding, viz. the failure to agree as to the amount of the loss, and avers that the insured never requested or demanded that the loss and damage be appraised or determined by appraisers. This alleged failure was pleaded as a condition precedent and therefore a complete bar to recovery.
 

 The reply to the fifth defense alleges that no appraisal was required by either party, and that defendant never demanded the same. The bill of exceptions is not presented in its entirety, but it is admitted that neither party made demand for an appraisal. This brings before the court the single question whether an insurance policy containing the above-quoted provision may be
 
 *429
 
 sued upon -without any appraisement of the loss, where neither party has demanded such appraisal.
 

 In argument, counsel for the insurer have pointed out many conditions of fire insurance policies which are held to be valid conditions precedent to a recovery, failure to comply with which constitutes a bar to recovery upon the policy in the event of loss.
 

 This court has never construed the particular phrasing found in this policy, but has in two well-considered cases upheld the validity of a condition in a fire insurance policy which in definite terms stipulates that, in the event of disagreement between the insurer and the insured as to the amount of loss or damage, the same shall be ascertained by appraisers.
 

 The first of these is the case of
 
 Phoenix Ins. Co.
 
 v.
 
 Carnahan,
 
 63 Ohio St., 258, 58 N. E., 805, where it was declared that to entitle the insured to maintain an action to recover under such a policy he must show that he has either performed the condition or has a legal excuse for the nonperformance thereof. Seven years later, in the case of
 
 Graham
 
 v.
 
 German American Ins. Co.,
 
 75 Ohio St., 374, 79 N. E., 930, 15 L. R. A. (N. S.), 1055, 9 Ann. Cas., 79, this court again dealt with a policy containing a similar stipulation, and the earlier rule was affirmed. In those policies there was an unqualified requirement that the amount of the loss, in the event of disagreement, be ascertained by appraisement. Those cases therefore differed materially from the instant case, in that the provision of the policy in the instant case relating to appraisement
 
 *430
 
 is optional with either party. By its terms neither is required to invoke it, though either may do so. In the opinion in the
 
 Graham case,
 
 Davis, J., at page 403 (79 N. E., 930), discussed at length that clause which unqualifiedly required an appraisement, and called attention to the difference between a policy in that form and the policies in reported cases which had been cited in argument, which ex-, pressly provided for appraisal upon “written request of either party.” It follows, from the discussion in that opinion, that neither the
 
 Graham case
 
 nor the
 
 Carnahan case
 
 was intended as an authority in a suit upon a policy which did contain a clause making an appraisal in the event of disagreement optional with either party. Those cases must therefore be definitely disregarded as authorities in cases where language wholly different is employed.
 

 In any action to recover upon an insurance policy, the inquiry may be a dual one: first, the question of ultimate liability; second, the amount of the loss. Even if the company disputes ultimate liability, it might nevertheless not desire to have the amount of the loss submitted to the determination of a court and jury, and therefore demand arbitration, and by demanding arbitration would not be precluded from denying ultimate liability. In this case, the company pleaded defenses going to the ultimate liability upon the policy as well as to the amount of the’ loss. It had the option of submitting both questions to the court and jury, and, not having made any previous request for an appraisement, it will be presumed to have preferred
 
 *431
 
 to have both questions determined in a single suit. The insured, on the other hand, knowing that ultimate liability was to be denied, might also have preferred to submit both questions to determination in an action in court.
 

 It is true that a later condition in the policy states that no suit or action may be sustained in any court of law unless all the conditions shall have been complied with, and this stipulation in the policy must be construed in connection with the former stipulation which left the appraisement optional with either party and not to be employed unless one party should demand the same in writing. If, therefore, neither party should invoke the right of appraisement, that clause should be disregarded as a condition of the policy. The interpretation insisted upon by the insurer, that no suit can be maintained until after the amount of loss has been ascertained by appraisement, would render utterly meaningless the words, “each shall, on the. written demand of the other.”
 

 Counsel for the insurer concede, and cite in support 6 Ruling Case Law, 838, that no substantive clause in a contract shall be disregarded, and that seeming contradictions must be harmonized, if reasonably possible; that each provision must be construed in connection with other provisions, and, if possible, effect be given to all; that a construction which entirely neutralizes one provision should not be adopted if the contract is susceptible of any other which gives effect to all its conditions; and that the courts will look to the entire instrument, and if possible, give such construction that each clause shall have some effect.
 

 
 *432
 
 In the instant case, if the language of the policy means anything, it means that upon the written request of the company the plaintiff shall join the company in choosing arbitrators and in procuring an award before suit may be begun. It being equally optional with both parties to the contract, the insured owed no duty to demand an appraisement. It was in the power of the insurance company to perform this condition of the policy and to have a submission to arbitration to determine the amount of the loss, by the simple process of making a written request for such submission. If a written request for an appraisal had been made by either party, the further provision in the policy, that no suit could be brought except upon an award, would have become effective and binding upon the insured. In that event, it would have been a condition precedent. That condition in the policy has not been reached. A written request for an appraisement is a condition precedent to such appraisal and award, and, there not having been a written request by either party, the appraisal and award became unnecessary, under the conditions of the policy, in order to entitle the plaintiff to recover. The award can only become a condition precedent to a right of action, if we entirely eliminate the words, “each shall, on the written demand of either.” If we restore the words, it is clear that arbitration is only to be had upon request. Until there is such written request, neither party is compelled to arbitrate.
 

 The foregoing conclusion is reached in obedience to a well-settled rule of interpretation that, when
 
 *433
 
 one party to a contract is responsible for the language employed, and the language contains ambiguity or words of doubtful meaning, such contract must receive a strict construction against the party employing the language, and a favorable construction to the other party.
 
 Great Am. Mut. Indemnity Co.
 
 v.
 
 Jones,
 
 111 Ohio St., 84, 144 N. E., 596, 35 A. L. R., 1023;
 
 Mumaw
 
 v.
 
 Western & Southern Life Ins. Co.,
 
 97 Ohio St., 1, 119 N. E., 132.
 

 The conclusions we have reached are in harmony with the following decided cases:
 
 Wallace
 
 v.
 
 German-American Ins. Co.,
 
 (C. C.), 41 F., 742;
 
 German-American Ins. Co.
 
 v.
 
 Steiger,
 
 109 Ill., 254;
 
 Wright
 
 v.
 
 Susquehanna Mut. Fire Ins. Co.,
 
 110 Pa., 29, 20 A., 716;
 
 Phoenix Ins. Co.
 
 v.
 
 Badger,
 
 53 Wis., 283, 10 N. W., 504;
 
 Davis
 
 v.
 
 Anchor Mut. Fire Ins. Co.,
 
 96 Iowa, 70, 64 N. W., 687.
 

 The judgment of the Court of Appeals must therefore be affirmed.
 

 Judgment affirmed.
 

 Jones, Matthias, Day, Allen, Kinkade and Bobinson, JJ., concur.