BRANHAM, APPELLEE AND CROSS-APPELLANT, *v.* CIGNA HEALTHCARE
OF OHIO, INC., APPELLANT AND CROSS-APPELLEE.

[Cite as *Branham v. CIGNA HealthCare of
Ohio, Inc.* (1998), 81 Ohio St.3d 388.]

(No. 96-2137—Submitted December 9, 1997—Decided April 22, 1998.)

*McCarthy, Palmer, Volkema, Boyd & Thomas* and *Tony C. Merry,* for appellee and cross-appellant.

*Arter & Hadden, Michael P. Mahoney* and *Nancy Manougian,* for appellant and cross-appellee.

PFEIFER, J.

## I

The Agreement[3] contains an arbitration clause that states in part that "[a]ny controversy between GROUP, a Subscriber or Dependent (whether a minor or adult) or the heirs-at-law or personal representatives (including any of their agents, employees, or providers), arising out of or in connection with this Agreement shall, upon written notice by one party to another, be submitted to arbitration." The controversy before us requires a determination of whether the arbitration clause is binding. We see a patent ambiguity in the quoted contract

3. We do not rule on the trial court's holding that Mrs. Branham impliedly agreed to the Agreement when she elected coverage by CIGNA and accepted benefits from CIGNA.

provision and hold that Mr. Branham is not required to arbitrate either his claim for loss of consortium or the claims he brought on behalf of Mrs. Branham.

The sentence states that controversies between "GROUP, a Subscriber or Dependent" are to be submitted to arbitration. The preposition "between" is lacking a second object. It is, therefore, not possible to determine what controversies are to be submitted to arbitration because it is not possible to determine what parties are to be in contention.

In virtually every other section of the Agreement the word "HEALTHPLAN," defined as CIGNA, features prominently, informing the reader that CIGNA is a party to which the section applies. For example, the statement that certain subscribers "are eligible for Continuation Coverage if they have lost HEALTH-PLAN membership eligibility" indicates the specific membership eligibility that may be lost, not some indeterminate membership eligibility. Section XI of the Agreement. Similarly, individuals must submit "a completed HEALTHPLAN enrollment application," not simply an enrollment application. Section VI of the Agreement. Such examples abound throughout the Agreement.

We are uncertain whether the omission of "HEALTHPLAN" from the arbitration clause of Section XVI of the Agreement was inadvertent or intentional. Is it possible that the sentence lacks the word "and" after "GROUP," to give the sentence a reasonable meaning: that controversies between "GROUP" (the employer) and "Subscribers" (the employees) are to be submitted to arbitration? At the very least this sentence is ambiguous. As there cannot be a controversy "between" only one party, the sentence in the arbitration clause is also unintelligible.

It is well settled that "[w]here provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured." *King v. Nationwide Ins. Co.* (1988), 35 Ohio St.3d 208, 519 N.E.2d 1380, syllabus. See *Hacker v. Dickman* (1996), 75 Ohio St.3d 118, 119, 661 N.E.2d 1005, 1006; *Fire Assn. of Philadelphia v. Agresta* (1926), 115 Ohio St. 426, 432–433, 154 N.E. 723, 725. Given the patent ambiguity of the sentence alleged to bind Mr. Branham to arbitration, we will construe it strictly against CIGNA and liberally in favor of Mr. Branham.[4] We conclude that the ambiguous sentence is unintelligible and cannot bind Mr. Branham to submit controversies to arbitration. We reverse the judgment of the court of appeals as to the claims brought on behalf of Mrs. Branham.

---

4. While the law of this state favors arbitration, *Council of Smaller Enterprises, infra,* 80 Ohio St.3d at 666, 687 N.E.2d at 1356; *Schaefer v. Allstate Ins. Co.* (1992), 63 Ohio St.3d 708, 711–712, 590 N.E.2d 1242, 1245, not every arbitration clause is enforceable. R.C. 2711.01(A); *Schaefer,* 63 Ohio St.3d 708, 590 N.E.2d 1242.

## II

Nothing in the record indicates that Mr. Branham expressly or impliedly agreed to the Agreement. Neither he nor Mrs. Branham signed anything binding him to the Agreement or the arbitration clause. " '[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.' " *Council of Smaller Enterprises v. Gates McDonald & Co.* (1998), 80 Ohio St.3d 661, 665, 687 N.E.2d 1352, 1355, quoting *AT & T Technologies, Inc. v. Communications Workers of Am.* (1986), 475 U.S. 643, 648–649, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648, 655. We conclude that Mr. Branham's loss-of-consortium claim is not subject to arbitration and affirm the court of appeals on that matter.

Having addressed the issues before us on narrow grounds, we need not determine whether it violates public policy for an insurer to take two months to decide whether a woman battling for her life against cancer can have potentially life-saving surgery. That question and others involving what constitutes a meaningful answer in a timely fashion will have to wait for another day.

For the reasons discussed above, we affirm in part and reverse in part and remand the cause to the trial court for further proceedings.

*Judgment affirmed in part*
*and reversed in part.*

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., concur in Part I of the opinion and in the judgment.

---

**COOK, J., concurring in Part I of the opinion and in the judgment.** I concur in Part I of the majority opinion only. In Part I of its opinion, the majority demonstrates that the arbitration provision of the insurance contract at issue is insufficient to bind the parties to which it expressly applies (*i.e.*, GROUP, Subscriber, Dependent, and their heirs at law or personal representatives) to arbitrate their claims against CIGNA. Because CIGNA relies exclusively on this defective provision to bind Mr. Branham to arbitrate his loss-of-consortium claim as well as the claims that he pursues on behalf of Mrs. Branham, arbitration of none of the claims can be compelled. Accordingly, I agree with the majority's disposition of this case. I cannot, however, join in the dicta contained in Part II of the opinion suggesting that, without Mr. Branham's personal agreement to

arbitrate, even a properly drafted arbitration provision would have been ineffective to require arbitration of his loss-of-consortium claim.

MOYER, C.J., and LUNDBERG STRATTON, J., concur in the foregoing opinion.