OPINION
Appellants Jerry and Madeline DePalmo appeal a summary judgment of the Stark County Common Pleas Court dismiss their complaint for breach of warranty and breach of contract against appellee Schumacher Homes, Inc.:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NUMBER ONE
 THE TRIAL COURT ERRED BY DISMISSING THE ACTION FILED BY THE APPELLANTS BECAUSE THE ARBITRATION CLAUSE CONTAINED IN THE LIMITED WARRANTY NOT ONLY VIOLATES THE PRINCIPLES OF CONTRACT LAW AND PUBLIC POLICY BUT ALSO THE VERY TENETS OF OUT CONSTITUTIONAL SYSTEM WHICH GUARANTEES THE RIGHT TO HAVE A TRIAL BY JURY, THE RIGHT TO DUE PROCESS OF LAW, AND THE RIGHT TO HAVE APPELLATE REVIEW.
 ASSIGNMENT OF ERROR NUMBER TWO
 THE TRIAL COURT ERRED BY ENFORCING THE ARBITRATION CLAUSE AGAINST THE APPELLANTS ESPECIALLY WHEN THE CONTRACT BETWEEN THE TWO PARTIES LIMITED THE APPELLANTS' REMEDY TO ARBITRATION AND EXPANDED THE APPELLEE'S REMEDY TO EVERY LEGAL AVENUE OPEN TO A CITIZEN.
 ASSIGNMENT OF ERROR NUMBER THREE
 THE TRIAL COURT ERRED BY NOT FOLLOWING THE EDICTS OF OHIO REVISED CODE SECTION 2711.03 WHICH STATES THAT A PERSON CHALLENGING THE APPLICABILITY OF THE ARBITRATION CLAUSE HAS A RIGHT TO A TRIAL BY JURY ON THE ISSUE.
On January 25, 2001, appellants entered into a purchase agreement with appellee for the construction of a home. At the time the purchase agreement was executed, appellee provided appellants with a copy of a limited warranty, in which the parties agreed to arbitrate all disputes. Appellants filed the instant action on February 20, 2001. On March 21, appellee filed a motion to dismiss, or in the alternative to stay the proceedings pending arbitration. The court determined that the motion to dismiss was filed on matters outside of the pleadings, and converted the motion to one for summary judgment. Appellee filed a supplemental brief, along with affidavits pursuant to Civ. R. 56, supporting its motion for summary judgment. Appellants failed to file a responsive pleading to the summary judgment motion. The court granted the motion for summary judgment, finding that pursuant to the agreement of the parties, the dispute must be arbitrated. The court dismissed the complaint.
 I
Appellants argue that the arbitration clause contained in the warranty violates the principles of contract law, public policy, and their constitutional rights to a trial by jury, due process of law, and the right to appellate review.
Public policy favors and encourages arbitration because it unburdens crowded dockets and is relatively fast and inexpensive. Schaefer v.Allstate Insurance Company (1992), 63 Ohio St.3d 708, 712. By agreeing to arbitrate a claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial forum. Mitsubishi Motors Corporationv. Soler Chrysler-Plymouth (1985), 473 U.S. 614, 628. The parties trade the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration. Id.
By enacting R.C. 2711.02, the legislature did not take away a person's constitutional right to a trial by jury. Branhan v. Cigna Healthcare ofOhio, Inc. (August 6, 1996), Ross Appellate No. 95CA2156, unreported,rev.'d on other grounds (1998), 81 Ohio St.3d 388. The only way a litigant's right to a jury trial can be taken away under R.C. 2711.02 is if he or she agrees to waive it under the terms of the contract. Id. Therefore, the statute is constitutional, as a person who has a constitutional right may validly waive it. Id.
Appellants have not demonstrated that enforcement of the arbitration clause violates public policy or their constitutional rights.
The first assignment of error is overruled.
 II
Appellants argue that the parties did not have equal bargaining power or remedies under the contract. Essentially, appellants argue that the arbitration clause is unconscionable.
Under Ohio law, a contract clause is unconscionable where there is the absence of meaningful choice on the part of one of the parties to a contract, combined with contract terms that are unreasonably favorable to the other party. E.g., Collins v. Click Camera and Video, Inc. (1993),86 Ohio App.3d 826, 834. Unconscionability is determined by application of two-part test: (1) are there unfair and unreasonable contract terms, and (2) are there individual circumstances surrounding each of the parties to a contract so that no voluntary meeting of the minds was possible. Id.
In support of its motion for summary judgment, appellee provided a copy of the purchase agreement, the limited warranty, and the affidavit of Kitten Bensen. According to this affidavit, at the time the purchase agreement was executed, appellants were provided with a copy of the limited warranty. As noted earlier in this opinion, appellants submitted no evidentiary material in response to the motion for summary judgment. Therefore, there is nothing in the record to demonstrate the second element of the unconscionability test, that there were individualized circumstances surrounding the parties to this particular contract, such that no voluntary meeting of the minds was possible. Appellants submitted no evidence that they did not have a meaningful choice on the issue of arbitration. Having failed to produce evidence of disputed facts on one prong of the unconscionability test, the court did not err in entering summary judgment on this issue.
The second assignment of error is overruled.
 III
Appellants argue that pursuant to R.C. 2711.03 (B), they have a right to a jury trial on the issue of the applicability of arbitration to the instant case. That statute provides that if the issue of the making of the arbitration agreement, or a failure to perform under it, is raised, either party, on or before the return date of the notice of arbitration, may demand a jury trial on that issue. This statute limits the court's jurisdiction to hear two matters regarding arbitration: (1) determining whether the parties agreed to include arbitration in their agreement, and (2) enforcement of the obligation to arbitrate. A.B.M. Farms, Inc. v.Woods (1998), 81 Ohio St.3d 498, 501. As discussed in IIabove, the only evidentiary material presented to the court on the issue of the making and enforcement of the arbitration agreement was the affidavit of Kitten Benson, which states that appellants received the limited warranty on the same day they executed the purchase agreement. Appellants submitted no evidentiary material in response to the motion for summary judgment to raise an issue of fact as to whether the parties agreed to include arbitration in the agreement, or as to the enforcement of the obligation to arbitrate. Therefore, the court did not err in granting summary judgment without sending the issue to jury trial.
The third assignment of error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is affirmed. Costs to appellants.
By Gwin, P.J., Wise, J., and Boggins, J., concur