OPINION
{¶ 1} The Fraternal Order of Police, Ohio Labor Council, Inc., appeals a judgment of the Court of Common Pleas of Perry County, Ohio, which vacated an award made in binding arbitration in the matter of ten grievances filed by union members, employees of the Sheriff's Office of Perry County, Ohio. Appellant assigns five errors to the trial court:
 {¶ 2} "THE COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT DETERMINED THAT THE MOTION TO VACATE FILED BY THE PLAINTIFF WAS TIMELY FILED.
 {¶ 3} "THE COURT OF COURT OF [SIC] COMMON PLEAS ERRED TO THE PREJUDICE OF THE APPELLANT AND THUS ABUSED ITS DISCRETION, WHEN IT DETERMINED THAT THERE WAS NO RATIONAL NEXUS BETWEEN THE COLLECTIVE BARGAINING AGREEMENT AND THE AWARD.
 {¶ 4} "THE COURT OF COURT OF [SIC] COMMON PLEAS ERRED TO THE PREJUDICE OF THE APPELLANT AND THUS ABUSED ITS DISCRETION, WHEN IT SUBSTITUTED ITS INTERPRETATION OF THE COLLECTIVE BARGAINING AGREEMENT FOR THE INTERPRETATION MADE BY THE ARBITRATOR.
 {¶ 5} "THE COURT OF COURT OF [SIC] COMMON PLEAS ERRED TO THE PREJUDICE OF THE APPELLANT BY HOLDING THAT THE ARBITRATOR EXCEEDED HIS AUTHORITY BY SEEKING GUIDANCE FROM RELEVANT SOURCES AND APPLYING THOSE SOURCES TO THE LANGUAGE IN THE COLLECTIVE BARGAINING AGREEMENT.
 {¶ 6} "THE COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF THE APPELLANT BY NOT AWARDING INTEREST ON ALL MONIES DUE AND PAYABLE."
 {¶ 7} The decision of the trial court before us here is based upon the trial court's review of the findings and award of an arbitrator on grievances union members of the Fraternal Order of Police brought against the Perry County Commissioners and the Perry County Sheriff. During the time in question, there was a Collective Bargaining Agreement between the F.O.P. and the Perry County Sheriff. Article 8 of the Collective Bargaining Agreement provides for an employee grievance procedure, step three of which provides for binding arbitration in the event the grievance is not satisfactorily settled.
 {¶ 8} On or about April 6, 2001, various employees of the Perry County Sheriff's Department filed approximately twenty grievances protesting the layoffs imposed by the Sheriff's Department. When the grievances were not resolved, they proceeded to binding arbitration as provided in the Collective Bargaining Agreement. The arbitrator, mutually selected by the parties as provided in the agreement, heard testimony on the merits of the case between August 6, and August 29, 2001. On September 24, 2001, the arbitrator executed his decision and award, finding the appellees had violated the Collective Bargaining Agreement and sustaining the grievances. The award directed appellees to immediately reinstate the grievants to their former positions, with back pay. The arbitrator directed management to return the grievants who were displaced but not laid off to their previous positions and to compensate them for lost wages resulting from their displacement.
 {¶ 9} Appellees the Perry County Commissioners and the Perry County Sheriff filed a motion with the common pleas court to vacate the arbitrator's award. The court found the arbitrator had exceeded his powers and departed from the essence of the Collective Bargaining Agreement, and further found the employer had not violated the terms of the agreement.
 Standard of Review {¶ 10} A trial court's ability to review an arbitration award is statutorily restricted and narrow under R.C. Chapter 2711. R.C. Chapter2711.10 provides the trial court shall vacate an arbitrator's award if the arbitrators exceeded their power, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made. Pursuant to R.C. 2711.11, the court may modify or correct an arbitration award if there is an evident material miscalculation of figures, or an evident material mistake in the description of any person, thing, or property to which the award refers, or, if the arbitrators have made an award on a matter not submitted to them, unless it is a matter not affecting the merits of the decision on the matters that were submitted to them.
 {¶ 11} When the parties to a contract agree to submit a dispute to binding arbitration, they also agree to accept the result regardless of its legal or factual accuracy, see Cleveland v. Fraternal Order ofPolice, Lodge No. 8 (1991), 76 Ohio App.3d 755, 603 N.E.2d 351. Ohio law strongly favors arbitration, Branham v. Cigna Healthcare of Ohio (1998),81 Ohio St.3d 388, 692 N.E.2d 137, citations deleted. Where a provision in a Collective Bargaining Agreement is subject to more than one reasonable interpretation, it is the arbitrator's interpretation of the contract which governs the rights of the parties, and not the interpretation of any reviewing court, Hillsboro v. Fraternal Order ofPolice, Ohio Labor Council, Inc. (1990), 52 Ohio St.3d 174,556 N.E.2d 1186. As long as the arbitration award draws its essence from the Collective Bargaining Agreement and is not contrary to the Arbitration Agreement, the arbitrator has not overstepped his bounds and the trial court should not vacate or modify the award, Board of Trusteesof Miami Township v. Fraternal Order of Police, Ohio Labor Council, Inc.
(1998), 81 Ohio St.3d 269, 690 N.E.2d 1262.
 {¶ 12} Our ability to review the appeal from a trial court's decision regarding the arbitration award is even more restricted. InWarren Education Association v. Warren City Board of Education (1985),18 Ohio St.3d 170, 480 N.E.2d 456, the Supreme Court held that although an appeal may be taken from an order confirming, modifying, correcting, or vacating an award in an arbitration proceeding or from a judgment entered on an award, the review must be confined to the trial court's order. This court may not review the original arbitration proceedings, Id, citations deleted.
 {¶ 13} The Supreme Court has also addressed the issue of whether a manifest weight argument to an arbitration award could be raised on appeal. The Supreme Court found R.C. 2711.10 and R.C. 2711.11 describe the only circumstances under which the common pleas court may vacate or modify an arbitration award. The award may not be modified or vacated based on the merits of the dispute unless there is evidence of fraud, corruption, or material mistake, Id., citing Goodyear v. Local Union No.200 (1975), 42 Ohio St.2d 516, 330 N.E.2d 703. On appellate review, the court of appeals, and the Supreme Court are confined to an evaluation of the order issued by the court of common pleas, and may not pass on the substantive merits of the arbitration award except in matters of material mistake or extensive impropriety. Thus, the Ohio Supreme Court concluded a manifest weight argument to an arbitration award cannot be raised on appeal, and reviewing courts are restricted to an examination of the trial court's award in light of the powers vested in it under R.C. Chapter 2711.
 {¶ 14} Finally, the Supreme Court has directed reviewing courts to follow the guide set forth in R.C. 2711.10(D). The statute allows an arbitrator's award to be vacated when the arbitrator has exceeded his or her powers. The Supreme Court found the converse must also be true, that is, if the arbitrator has not exceeded his or her statutory powers, the award should not be vacated or modified absent any of the statutory circumstances, Queen City Lodge No. 69, Fraternal Order of Police ofHamilton County, Ohio, Inc. v. Cincinnati (1992), 63 Ohio St.3d 403,588 N.E.2d 802.
 {¶ 15} With these strictures in mind, we proceed to review the judgment of the court of common pleas, which vacated the decision of the arbitrator.
 I {¶ 16} In its first assignment of error, appellant argues the trial court should not have considered the motion to vacate because it was untimely. R.C. 2711.13 requires a motion to vacate and the notice must be filed and served upon the opposing party within three months of delivery of the arbitration award. The record indicates the arbitrator signed the opinion and award on September 24, 2001. Appellant argues a copy of the award was faxed to each of the parties on the same date. Appellant states a hard copy of the decision was mailed by priority mail to the parties the following day. Appellee counters the arbitrator did not send appellees his award until October 3, 2001, and appellees' representative received it on October 5, 2001. Appellees conclude their motion, filed December 28, 2001, was well within the three-month time limit established in R.C. 2711.13.
 {¶ 17} The record contains a copy of a priority mail envelope post marked October 3, 2001. The trial court's July 5, 2002 memorandum decision finds the motion to vacate the arbitration award was filed timely pursuant to R.C. 2711.13.
 {¶ 18} Our review of the record leads us to conclude the trial court was correct in finding the motion to vacate the arbitrator's award was filed timely. Further, the record indicates appellees served their motion on appellant within three months after the award decision was delivered. Accordingly, the first assignment of error is overruled.
 II, III IV {¶ 19} In its second, third, and fourth assignments of error, appellant argues the court abused its discretion in vacating the arbitration award.
 {¶ 20} The trial court's decision correctly cites R.C. 2711.10, which directs the court of common pleas to vacate an arbitrator's decision if it finds the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award on the subject matter was not made. The trial court cited The United SteelWorkers of America v. Enterprise Wheel and Car Corporation (1960),363 U.S. 593, as authority for the proposition an arbitrator cannot simply dispense his or her own brand of industrial justice, but makes a legitimate award only if the award draws its essence from the Collective Bargaining Agreement. A court may find an arbitrator has departed from the essence of the Collective Bargaining Agreement when the award conflicts with the express terms of the Collective Bargaining Agreement, is without rational support, or cannot be rationally derived from the terms of the agreement, Ohio Office of Collective Bargaining v. OCSEALocal 11, AFSCME-AFL-CIO (1991), 59 Ohio St.3d 177. The court properly concluded its role was simply to determine whether the arbitrator here exceeded his authority by reaching his decision in an irrational manner not based on the plain language of the Collective Bargaining Agreement at issue. The trial court concluded both the arbitrator had exceeded his powers and his decision departs from the essence of the Collective Bargaining Agreement.
 {¶ 21} The trial court found the arbitrator went beyond the language of the Collective Bargaining Agreement and looked to the Revised Code to interpret the agreement. The trial court correctly found before an arbitrator may look outside of an agreement, the arbitrator must find that the language used in the Collective Bargaining Agreement is ambiguous. The trial court began with Article 10.2 of the contract, and found it was unambiguous.
 {¶ 22} Article 10.2 provides when the Employer determines that a long-term layoff or job abolishment is necessary, it shall notify the affected employees ten working days in advance of the effective date of the layoff or job abolishment. The Employer shall determine in which classification the layoffs will occur, and the layoffs of bargaining unit employees will be by classification.
 {¶ 23} The trial court found the determination that a layoff is necessary is within the sole discretion of the employer, the sheriff's office. By contrast, the arbitrator found the county commissioners are a party to the agreement and it was their budgetary decisions which created the layoff. On page 34 of his opinion, the arbitrator found that the Board of Commissioners had nothing directly to do with the decision to layoff employees, but it was the board's decision to drastically cut the sheriff's budget that left the sheriff with "no other plausible choice" than to layoff a significant number of employees.
 {¶ 24} Article I, Section 1.1 of the Collective Bargaining Agreement, the very first provision of the contract, provides the Perry County Sheriff is the entity referred to as the "Employer." Substituting the term Sheriff for Employer, we find Article 10.2 unequivocally provides when the sheriff determines a long-term layoff or job abolishment is necessary, it shall notify the affected employees * * *. While the county commissioners are the legislative authority for the county, and are responsible for setting the amount of the sheriff's budget, it is erroneous to include them in the definition of employer under this contract, and it is erroneous to review whether it was necessary for the Board of County Commissioners to cut the sheriff's budget. The trial court found under the parties' agreement the determination a layoff is necessary is within the sole discretion of the sheriff, and in fact, the arbitrator, in the above-cited language found the sheriff had no choice but to implement the layoff.
 {¶ 25} We agree with the trial court to the extent the arbitrator reviewed the county's financial state, and the appropriateness of the commissioners' decision in allocating the county funds, the arbitrator did in fact exceed his powers, and departed from the essence of the Collective Bargaining Agreement. The parties could have included the Commissioners in the definition of "Employer" but did not. We agree with the trial court the arbitrator interpreted Article 10.2, when no such interpretation was justified or necessary. The plain language of the contract provides the sheriff is the person who determines whether the long-term layoff is necessary. The arbitrator agreed given the sheriff's budget, the layoffs were necessary.
 {¶ 26} The second, third, and fourth assignments of error are sustained.
 V {¶ 27} In its fifth assignment of error, appellant argues the court of common pleas erred by not awarding interests on all monies due and payable. In light of our finding, supra, that the trial court correctly vacated the arbitrator's award, the issue of interest is moot.
 {¶ 28} The fifth assignment of error is overruled.
 {¶ 29} For the foregoing reasons, the judgment of the Court of Common Pleas of Perry County, Ohio, is affirmed.
By Gwin, P.J., Farmer, J., and Wise, J., concur.